## MADDOX *vs.* CROSS.

Where the question is one of fact, the presumption is in favor of the finding of the jury thereon; and where, upon the finding of a jury in a justice's court, a *certiorari* was taken to the superior court, alleging that the verdict was contrary to law, and the verdict was affirmed, this court will not set it aside, unless it is made to appear affirmatively that the verdict was contrary to law.

December 5, 1887.

*Certiorari.* New trial. Verdict. Presumptions. Before Judge BROWN. Milton superior court. August term, 1887.

Reported in the decision.

J. A. Dodgen, T. L. Lewis and Winn & Faw, for plaintiff.

J. P. Brooke and George F. Gober, for defendant.

Blandford, Justice.

Maddox sued Cross in a justice's court in trover, to recover two bales of cotton. Upon the trial of the case, the testimony showed that one Haygood had rented certain land from Cross in the year 1884; that he had a growing crop on the land and desired to sell the crop to Martin, and consulted Cross about it. Cross agreed to it, provided that what was made should be delivered to him in the gin-house. He was entitled to his rents, and some other things. Martin also spoke to Cross about it. Cross agreed that he might purchase, but that the cotton was to be delivered to him. Thereupon Martin gave his note to Haygood for $80, payable in two bales of cotton, also agreeing that he was to pay for the guano. He gathered the crop, and before he delivered the cotton to Cross at Cross's gin-house, Maddox had notified him that he was the holder of the note, that it had been transferred to him. Martin had agreed with Cross, previously to that time, that the cotton was to be delivered to Cross to be paid to Haygood on that note. It appears that the jury found in favor of Cross, and upon a *certiorari* to the superior court, Judge Brown affirmed the judgment in the justice's court. It appears that, prior to this *certiorari*, there had been another one sued out upon a former verdict in favor of Cross. In that case the *certiorari* was sustained and a new trial ordered, with directions by the presiding judge to the justice below as to how the case should be tried.

What the truth about this matter is, we cannot exactly see. If Maddox and Martin agreed among themselves that this cotton was to be delivered to Cross as Maddox's cotton, and Cross had received it as Maddox's cotton, then an action of trover could have been sustained in favor of

Maddox against Cross for the cotton when the cotton was delivered to him.  But if Martin delivered the cotton to Cross to be delivered or paid upon his note to Haygood, and Cross so received it, than Maddox could not sustain an action of trover against Cross to recover the cotton. What the truth is we do not know.  The jury having found in favor of Cross, every presumption must be in favor of their finding.  The presumptions are in favor of the verdict of the jury, that they found what was the truth about the matter; and we cannot say that they did not find the truth; and the record must affirmatively show that the verdict was contrary to law before it can be set aside. We, therefore, affirm the judgment of the court below.

Judgment affirmed.