SOUTHERN RAILWAY COMPANY *v.* BLAKE.

| 101 | 217 |
|-----|-----|
| 104 | 246 |
| 101 | 217 |
| s108 | 764 |
| 101 | 217 |
| 110 | 89 |
| 101 | 217 |
| p119 | 836 |
| 101 | 217 |
| 121 | 38 |
| 101 | 217 |
| j129 | 111 |

Where, in an action against a railroad company to recover damages for personal injuries by the running of a locomotive and cars within the limits of a city, it appears that such locomotive and cars were running within the limit of speed lawfully prescribed by the city, and it also appears from the evidence of the plaintiff himself that, having previously seen the moving train approaching the crossing, he miscalculated the time in which he could safely cross, and placed himself on the track immediately in front of the moving locomotive, was caught by the pilot and injured, such injury is directly attributable to the negligence and want of ordinary care on the part of the plaintiff, which bar his right of recovery.

ATKINSON, J., dissenting.   1. Where in a populous city, at the intersection of a public street with the track of a railroad company, a person passing along such street is injured by a train of the railroad company, in consequence of the negligence of its servants in running one of its trains in disregard of the law of the State, which requires the engineers of railroad-trains, upon approaching public crossings, to check and keep checking their engines, in order to prevent injuries to persons being thereon, the company is liable in damages, even though it appears that, at the time of the infliction of the injuries complained of, the engine was not being run at a speed greater than that prescribed by the ordinance of such city.

2. Where the evidence as to the rate of speed at which the train was running was based upon the opinions only of the witnesses who testified with respect thereto, and such opinions are in conflict, the question as to whether the defendant's engine was being run at a speed greater than that allowed by the ordinance was one of fact, and should have been submitted to the jury.

3. Whether or not the negligence of the person injured amounted to an omission to take ordinary care for his own safety, or whether it was only a slight contributing cause, were questions of fact for a jury.   In the

former case, he could not recover, unless the negligence of the defendant company were wanton or amounted to a wilful act; in the latter, a case of contributory negligence and apportionment of damages would arise. In either case, the question of fact involved was one for a jury, and there being evidence sufficient to support the verdict, the discretion of the trial judge in refusing a new trial should not be disturbed.

Argued April 20,—Decided May 20, 1897.

Action for damages. Before Judge Milner. Whitfield superior court. August 11, 1896.

*Shumate & Maddox,* for plaintiff in error.

*Jones & Martin,* contra.

LITTLE, J. The action was to recover damages from the railroad company for injuries to the person of the plaintiff, caused by a moving train at a public crossing in the city of Dalton. The jury returned a verdict for fourteen hundred dollars in favor of the plaintiff. A motion for a new trial made by the defendant was overruled, and to that judgment of the court below the defendant excepted.

One of the grounds of the motion is, that the verdict is excessive in amount. While there may be some merit in this ground, under the evidence, we are not disposed to disturb the verdict for that reason. The jury had better opportunities of judging the amount of damages sustained than we can have, and as the element of pain and suffering had to be considered by them, we will not say the amount as fixed is so grossly excessive as to warrant a rehearing for that cause.

Another ground set out in the motion for a new trial is, that the court charged the jury in the language of the first paragraph of section 2224 of the Civil Code, in reference to the neglect of the engineer to blow the whistle of the locomotive on approaching the crossing and to check the speed of the train as required. We think this charge was error, because the provisions therein contained are not applicable to street-crossings within the corporate limits of cities, towns and villages within this State, and should not therefore have been given to the jury. The proviso to this section of the code is the law which governs the signals required to be given on approaching a crossing in towns and cities; but inasmuch as, after charging the law in respect to those signals required at crossings not in

cities and towns, the judge necessarily qualified that portion of his charge by correctly giving the law which is applicable in cities and towns, we are of the opinion that the jury was not misled by the charge, and refuse to set aside the verdict for this error.

A further ground set out in the motion, which was over-ruled, is, that the verdict is contrary to law and without evidence to support it; and after a very careful consideration of the evidence found in the record, a majority of the court agree that, under the law governing cases of this kind, the evidence is insufficient to sustain any recovery on the part of the plaintiff. In arriving at this conclusion, our judgment is not rested on the fact that the weight and preponderance of the evidence is in favor of the defendant, but we put it upon the broader ground that the evidence of the plaintiff shows that the injury which he sustained was occasioned in such manner as negatives his right to recover. As stated before, the injury occurred at a point in the city of Dalton where the railroad-track of the defendant crossed one of the public streets of that city. There is no question of the perfect right of the plaintiff to use the street-crossing for passing over the railroad-tracks there situate at his will and pleasure. There is, on the other hand, no question of the right of the railroad company to cause its trains of cars to pass on its tracks over such crossing whenever it may be necessary for it to do so. In the exercise of these reciprocal rights, the law imposes a duty on the person crossing to use care and caution to prevent injury to himself, and upon the railroad company to use care and caution to prevent the infliction of any injury upon persons who may be passing over such crossing. Neither has the absolute right to the crossing to the exclusion of the other; and when an injury occurs, and we have no reason to doubt they will occur, as they have in the past, to ascertain which of the parties has violated the duties imposed becomes the underlying question in the case, and when the fault is found the liability is determined. It would seem to be needless at this late day to enter into a discussion of the legal principles which control cases of this character. No confusion of the law applicable ought to exist, as our code

expressly declares that no person shall recover damages from a railroad company for injury to himself or property in the following cases:

(1) Where such injury is done by his consent, or caused by his negligence.   Civil Code, § 2322.

(2) If the plaintiff by the exercise of ordinary care could have avoided the consequences to himself caused by the defendant's negligence.   Civil Code, § 3830.

It is also expressly provided, as the rule which governs a recovery for such injuries, that if the plaintiff and the company are both at fault, the plaintiff may recover, but the damages shall be diminished in proportion to the amount of default attributable to the plaintiff.   Civil Code, § 2322, supra.

These are familiar rules taken from our code, and need no elaboration to be understood.   Inasmuch, however, as a proper application of them settles the case at bar, we refer to some of the adjudicated cases where the distinctions between the principles stated have been drawn in their application to different classes of facts.   One of the earliest cases reported is that of *Macon & Western Railroad Company* v. *Winn*, 19 *Ga.* 440, where this court said: " If a collision happen at a crossing of a railroad and a public highway, and both parties are negligent, and the plaintiff in the exercise of common care and caution could have avoided the injury, he shall not be entitled to recover of the defendant, notwithstanding [the latter] was also in fault."   In the case of *M. & W. R. R. Co.* v. *Johnson*, 38 *Ga.* 431, Judge McCay, in delivering the opinion of the court, uses this language:  "The man who neglects ordinary care to avoid an injury has no just right to seek redress, if that injury is produced by the negligence of another; and I see nothing in the character of a railroad company which should subject it to damages for an injury caused by the neglect of its agents, when the person might, by the exercise of ordinary care, have avoided the consequences to himself.   It is objected that this is a harsh rule; and it is even contended that, though in the code, it is not law because beyond the power of the compilers who were not authorized to make law.   It is sufficient to say that both the constitution of 1865 and 1868 adopted the

code. . . . Nor is this rule less harsh upon the defendant than the common law." The same principle is similarly adjudicated in the case of *Sims* v. *Macon & Western Railroad Co.,* 28 *Ga.* 93, and in the case of *Hendricks* v. *Western & Atlantic Railroad Co.,* 52 *Ga.* 467.

In the case of *Southwestern Railroad* v. *Johnson,* 60 *Ga.* 667, where a widow had sued for the homicide of her husband who was killed while lying on the railroad-track where the public road crossed the same, and in which it was contended that the requirements of the statute on the part of the railroad company as to sounding the whistle of the locomotive and checking the speed of the train were not complied with, the court in its opinion uses this language: "The plaintiff in this case, according to the evidence, could by ordinary care have avoided the consequences to himself caused by the defendant's negligence, assuming that the defendant was negligent in not blowing its whistle at the proper time at the crossing of the public road and checking up its train of cars"; and a verdict for one thousand dollars which had been rendered for the plaintiff was set aside, and the judgment of the court in overruling the defendant's motion for a new trial was reversed because of the applicability of the principle quoted above to the facts of the case.

In the case of *Stiles* v. *Atlanta & West Point Railroad,* 65 *Ga.* 370, Hawkins, Judge, construing the sections of the code to which we have referred supra, in delivering the opinion of the court, says: "It would seem no action can be maintained against a railroad company where the plaintiff could have avoided the injury complained of by the exercise of ordinary care, and this would be true where the injury complained of was caused by the negligent running of the locomotive or cars of the company"; and the ruling of the court below, in granting a new trial and setting aside a verdict for one thousand dollars which had been rendered for the plaintiff, was approved by the court. Similar rulings were made in the cases of *Savannah, Florida & Western Railway* v. *Stewart,* 71 *Ga.* 427; *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie,* 87 *Ga.* 6; *Ivey* v. *East Tennessee, Virginia & Georgia Railroad Co.,* 88 *Ga.* 71. In the case last cited it was held that, notwithstanding

the train by which the plaintiff was injured was running too fast and the bell was not rung in approaching the crossing, the injury did not take place at the crossing, but some distance beyond it, and did not result directly from the company's negligence, but from the sudden and unnecessary conduct of the plaintiff himself in stepping upon the track immediately in front of the train and so nearly in front of the locomotive that it was impossible to avoid striking him after he put himself in a position of danger; and the judgment of the court below in granting a nonsuit on this state of facts was affirmed.

In the case of *Georgia Railroad & Banking Co.* v. *Daniel*, 89 *Ga.* 463, a new trial was ordered, with direction to ascertain alone the fact whether the injured party could and would have avoided the negligence of the company by the use of that degree of diligence for his own protection which every prudent person uses who puts himself unnecessarily in a perilous position. The direction was to render judgment for the amount found, or dismiss the action, according to the finding of another jury on this one question. See also *Georgia Southern & Florida Railroad* v. *Williams*, 93 *Ga.* 253.

This is the law as we find it written. We are aware that the principles above announced are not new, nor in any way unknown; but we have preferred in dealing with this case to restate them and demonstrate their correctness by a citation of repeated rulings of this court.

There was but little, if any, material conflict in the evidence, which tends to show that the train was moving about four miles an hour, and within the limit of the ordinance of the city at the time the plaintiff was injured. There does not seem to be any question but that the bell was being tolled, nor that the engine was stopped in a very short distance after the plaintiff was struck. Nor is the fact contested that the plaintiff stepped upon the track within a very few feet in front of the locomotive, which was in motion; nor is the fact contested that it was then moving at such a slow rate of speed that the plaintiff was not thrown from the track but was able to catch to the bars of the pilot and was carried along with it. It also appears that when he approached the track on the fireman's

side of the engine, on notice, the engineer reversed the engine and put on air-brakes, and that the fireman endeavored by holloaing and calling to the plaintiff to prevent him from placing himself on the track, and that these cries were heard at considerable distance from the place where the plaintiff was struck. We recognize that these are matters of fact for the jury to consider; and if there was any evidence whatever tending to show that the plaintiff had exercised any degree of care, or even if it was an open question as to whether the injury was caused by his own negligence, we would not disturb the verdict; but we fail to find in this record any affirmative evidence which authorizes a verdict in favor of the plaintiff, and his own testimony rebuts the presumption which the law raises against the railroad company, and absolutely bars his right to recover under the law. We take from his evidence, as it appears in the record, certain statements which would prevent this court from sanctioning a verdict in his favor, because to us it conclusively appears that he could by the exercise of ordinary care—indeed, by almost any degree of care—have avoided the injury. In the course of his examination as a witness, and at different occasions while testifying on the stand, the plaintiff made these statements: "I might have avoided the accident by stopping. Did not think the train was running as fast as it was. It tripped me up. Did not break my leg. I rolled off on the west side of the track. I did not keep my eye on the train when I first saw it; did not look at it again, but walked right on to the track. I am not sure I knew the train was on that track, but knew it might be and that there might be danger—danger if it might be on that track. It would take only a few moments to walk 14 feet. I could have stepped off of the track in a second by making an effort. If I had known the train was within five feet of me, I could have gotten off of the track. If I had looked around, I could have seen it. I went across in a diagonal direction because it led in the direction that I wanted to go. There was nothing to prevent me from looking at the train from the time I saw it until it struck me. I could have done that. There was nothing to prevent me turning across the track if I had wanted to. If

I had gotten off before the engine got there, I would not have been hurt. I judged it was not dangerous. I always bet on my judgment. I did not think the train that struck me threatened me with danger. I saw no other train about there that threatened me with danger."

We have not attempted, nor intended, to give all of the testimony of the plaintiff which is contained in the record, but have only cited such parts of it as seem to us to demonstrate the proposition that he could have avoided the injury by the exercise of ordinary care. This evidence, without regard to the details of the injury otherwise testified to by the plaintiff, is wholly uncontradicted by any other witness; indeed parts of the above extracts from the plaintiff's evidence are to a certain extent at least supported by other witnesses. It is to doubt the meaning of plain words, to have a doubt that this plaintiff by the exercise of any degree of care for himself could have avoided, not only the injury, but the negligence of the defendant, assuming it to have been negligent. To us his lack of care for himself seems to have bordered on recklessness.

Invoking the principle of law which seems to us to rule the case, the plaintiff in error appears in this court and asks to have the verdict set aside and a new trial granted because the verdict rendered is contrary to law; and believing it to be so, for the reasons given, the judgment of the court below refusing to grant a new trial is

*Reversed. All concurring, except Atkinson, J., dissenting.*