1470.  SAVANNAH ELECTRIC COMPANY *v.* ELARBEE.

1. On the facts the jury could have found for either plaintiff or defendant, and the verdict ends the controversy.
2. A street-railway company has only an equal right with the traveling public to the use of the street in which its track is laid. In using the highway at a public crossing the law gives to the traveler on the highway the same right to cross the track that it gives to the car to cross the highway, and imposes upon both the same duty of exercising reasonable care and prudence to avoid injuries.
3. Trial courts are required to submit to juries only issues made by the pleadings and evidence.

Action for damages, from city court of Savannah—Judge Freeman.  October 26, 1908.

Argued December 11, 1908.—Decided May 4, 1909.

*Osborne & Lawrence,* for plaintiff in error.

*Garrard & Meldrim,* contra.

HILL, C. J.  Elarbee sued the Savannah Electric Company to recover damages for personal injuries received by him from a collision between his wagon and a street-car at a public street-crossing.  The only issue made by the pleadings and evidence was one of crimination and recrimination.  The plaintiff charged and proved negligence on the part of the motorman in the manner in which he approached the crossing.  The defendant denied the negligence attributed to the motorman, and charged and proved that the plaintiff's own negligence was the sole cause of his injuries.  The jury might have found a verdict either way; but in the exercise of their exclusive legal function on issues of fact they decided the conflict in the evidence in favor of the plaintiff, and their decision must stand unless in some material respect the court contributed to it by an error of law.  Two errors of law are complained of.

1.  On the subject of the relative rights of street-cars and other vehicles to the use of the public streets, the court instructed the jury as follows: "One driving a wagon or vehicle and a street-car company have equal rights on the streets.  Neither one nor the other has any superior right to the other.  Each must use them in such manner as to preserve the rights of the other within the limit of the exercise of ordinary care."  The defendant says this instruction was error, "because the street-car company has the

right of way over pedestrians and drivers of wagons. The charge was confusing to the jury." According to our view of the law, the instruction correctly defined the relative rights of street-cars and drivers of other vehicles to the use of the street. A street-railway company has only an equal right with the traveling public to the use of the street where its track is laid. Of course, when a vehicle meets a car on the track at a public crossing, the driver of the vehicle should give to the car precedence in crossing, for the car can only run on the track. But this does not preclude the driver of the vehicle from his equal right to use the street. He is not required to abandon his right to cross the track at the crossing, in order to avoid possible injuries that may result to him from the carelessness of the railway company. Both company and traveler have the same right to use the street at the crossing, and both are required to exercise ordinary care and diligence to avoid injuries. What would amount to this degree of care might in some cases differ when applied to the company and to the traveler. The jury are to make the application in each case according to the particular facts. The Supreme Court, in *Macon Railway & Light Co.* v. *Barnes,* 121 *Ga.* 445 (49 S. E. 283), clearly settles the law on the point under discussion. "A street-railway company has no superior right to the use of the public highway in which its cars are operated, over the rights of other users of the highway, except that, from the necessity of the case, the latter, at places other than crossings, must give the company's cars the right to pass when occasion requires. In other respects the rights of street-railway companies, in using public highways with their cars, are precisely like the rights of others who use the highways with other vehicles." This decision goes to the extent of holding that the necessity of the case above adverted to by us does not apply at public crossings. The expression of the Supreme Court in the case of *Savannah Ry. Co.* v. *Beasley,* 94 *Ga.,* 142 (21 S. E. 285), relied upon by the attorney for plaintiff in error, that "the cars of the railway company had the superior right of way," appears to be obiter, according to the opinion of Justice Fish in the case just cited (121 *Ga.* 447). See also *Cordray* v. *Savannah Electric Co.,* 5 *Ga. App.* 625 (63 S. E. 710).

2. The second special exception alleges error because the court

did not charge on the theory of unavoidable accident, "there being evidence from which the jury might find that the injury was caused without fault upon the part of either plaintiff or defendant." We have carefully searched the brief of evidence, and we can find no circumstance suggesting an accident. The only issue made by the pleadings ,was one of negligence, and the evidence in the case was pertinent alone to that issue. The trial judge is required to submit to the jury only the issues made by both pleadings and evidence. He is not required to present an issue purely academic and imaginary.                    *Judgment affirmed.*