## COLUMBUS RAILROAD COMPANY *v.* ASBELL.

1. In an action against a street railway company to recover damages for the death of a person by alleged negligence,. the relative questions of the diligence or negligence of the deceased and the defendant are for determination by the jury, where it appears that the street railway company operating open cars allowing passengers egress from either side, stopped its car just after clearing a cross street, and a passenger alighted on the side next to a parallel track and proceeded five or six steps along the space between the tracks, until he reached the street crossing, and then attempted to cross the *parallel track, when he was struck and killed by a car on the parallel track running at a dangerous and reckless rate of speed, notice of the approach of which was not given by the sounding of a gong, and the ordinary noise of its running could not be heard because of the loud and rumbling noise made by the departing car from which the passenger had just alighted, and which could not be seen because it had not come into view, and also because of the shadow produced by an electric street lamp. A petition by the widow of the deceased against the railway company, alleging the foregoing facts, is not open to general demurrer.

2. In an action of the character described in the foregoing note, it is competent for the plaintiff to allege and prove, as explaining the care and diligence of the person killed, that the car from which the deceased alighted was not equipped with bars, nor was the deceased warned by the railway company's servants, as they saw him alight from the side of the car next to the parallel track, of the danger incident thereto.

Argued July 12.—Decided December 22, 1909

Action for damages.    Before Judge Gilbert.    Muscogee superior court.    January 9. 1909.

Mamie T. Asbell brought an action against the Columbus Railroad Company, a street railroad company, to recover damages for the alleged killing of her husband by the negligent running of its cars.    The defendant filed its demurrers, general and special; the same were overruled, and it excepted.    The petition alleges that Asbell was killed by the operation of the defendant's cars under these circumstances: Broad street and First and Second avenues are parallel streets in the City of Columbus, running north and south. These streets are intersected at right angles by Fifteenth street. The railroad was double-tracked on Fifteenth street, between Broad street and Second avenue.    Asbell boarded the Rose Hill car, which ran southward down Second avenue to Fifteenth street, and on Fifteenth street to First avenue, where, at his request, the car stopped and he got off.    After leaving his car he proceeded three or four steps between the defendant's tracks to First avenue and

then turned down First avenue, and as he was crossing the lower track he was struck by another car of the defendant and killed. The North Highlands car, which struck him, traveled northward up Broad street to Fifteenth street and then turned east. From the point where the car turned into Fifteenth street to the place where Asbell was killed is 295 feet and 8 inches. The car on which he was riding was constructed with reversible seats, compelling passengers to alight from either side upon a running board, and then to the ground. At the time of the collision, which was eight o'clock, there was a large and brilliant electric light about the centre of the intersection of First avenue and Fifteenth street, which prevented Asbell from distinctly seeing and recognizing objects outside of the radius of the light. At the time he alighted from the car, the North Highlands car which struck him had not turned out of Broad street, and he did not see or know that any car was approaching. Just after he had alighted on the ground and proceeded three or four steps, the car from which he had alighted moved off towards Broad street with a loud rumbling noise, which prevented him from hearing any sound which would indicate the approaching car on the lower track; he did not have any warning from the sound of a gong, or in any other way, that a car was approaching on the parallel track, or have reason to apprehend that any car was approaching. When he stepped from the car and attempted to cross the parallel track, he did not see the car which struck him, nor could he have seen it by the exercise of ordinary care and diligence; nor did he have any notice or reason to apprehend that a car was approaching, or that it was dangerous or unsafe for him to cross the track. It was alleged that the defendant was negligent in the following specific acts: (*a*) In not causing the North Highlands car, which struck Asbell, to approach the crossing to First avenue and Fifteenth street in a careful and prudent manner; (*b*) in causing this car to be run and operated at a dangerous, reckless, and unreasonable rate of speed at the time and place it struck Asbell; (*c*) that the agent of the company in charge of this car did not slacken its speed, nor keep it under control, as it was approaching and passing over the crossing of First avenue and Fifteenth street; (*d*) that the North Highlands car was defective and not in good order, and in consequence thereof its movement and speed could not readily be controlled or checked;

(e) that the Rose Hill car, which transported Asbell, was not equipped with gates or boards to prevent passengers from alighting from the car on the side next to the parallel track at the locality where he was stricken; (f) that neither the conductor on the Rose Hill car nor any other employee gave any notice or warning to Asbell that it was dangerous for him to alight from the side of the car next to the parallel track, notwithstanding the conductor saw him when he was about to alight, and when he alighted.

*Samuel B. Hatcher, Frank U. Garrard,* and *W. C. Neill,* for plaintiff in error. *A. W. Cozart* and *William A. Little,* contra.

EVANS, P. J. According to the petition, the plaintiff's husband had safely alighted from the car which transported him to the intersection of Fifteenth street and First avenue. He then ceased to be a passenger. *Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132 (14), 148 (18 S. E. 406). After leaving the car he advanced three or four steps between the parallel tracks of the defendant until he reached First avenue and then turned southward on that thoroughfare at the intersection with Fifteenth street; and just as he was passing over the parallel track of the defendant, he was stricken by a car running on that track. He was not a trespasser, and the railroad company owed him a duty to exercise ordinary diligence to prevent injuring him, and he likewise was under duty to exercise the same diligence to save himself from injury. The servants of the railroad company were running the car which killed him at an excessive and dangerous rate of speed while approaching a street crossing where pedestrians were likely to be, and without sounding a gong or giving other warning. Surely it was a question for the jury to say whether the railroad company exercised the proper care in the running of the car which killed the plaintiff's husband. On the other hand, do the facts alleged compel a conclusive inference that the plaintiff's husband failed to exercise ordinary care for his own safety and protection? When a person knowingly and voluntarily puts himself in a place of immediate and obvious peril or exposure to injury, without some reason of necessity or propriety in so doing, and injury happens to him in consequence of his being in that place, he is not allowed to recover, notwithstanding the party may negligently injure him. An illustration of this rule may be found in the late case of *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (58 S. E. 873), where a plaintiff was denied recovery for an injury occasioned

by being struck by an engine, because, with a knowledge of the im-
pending danger, he stepped on the track of the railroad company
and attempted to cross immediately in front of the moving engine,
although it appeared that the agents of the railroad company may
have been negligent.    Such cases stand upon a different footing
from those in which the arrangements of a street-car company for
the accommodation of persons in taking and leaving cars afford a
reasonable justification to the party being on the track, and thus
exposed to the dangers incident to such a position.    In such a case
the court will not declare the person so negligent as to bar him of
recovery, unless his whole conduct, viewed in the light of his en-
vironment and all the circumstances, demands a finding that he was
lacking in ordinary care for his own protection and safety.    If the
facts afford an inference that the person injured did exercise ordi-
nary care, his negligence or diligence should be left to be decided by
the jury, and the court should not attempt to decide the ultimate
fact by a preponderance of evidence.    *Atlanta Con. St. Ry. Co.* v.
*Bates,* 103 *Ga.* 333 (30 S. E. 41) ; *Macon Ry. &c. Co.* v. *Streyer,*
123 *Ga.* 279 (51 S. E. 342).    Measured by this rule, we can not
say, as matter of law, that plaintiff's husband, according to the al-
legations of the petition, was guilty of negligence which debarred
the plaintiff's recovery.    He got off the car at a street crossing; the
car was so constructed that he might alight from either side; the
company neither by word nor act warned him of any danger which
might come from alighting on the side next to the parallel track;
he walked three or four steps to reach the street upon which his
business house was located, and then turned southward on that
street in a direct route to his destination.    He was crossing the
track at a place where pedestrians had the right to cross.    A bril-
liant electric street light was burning, the effect of which was to
confine his vision within the circle of its shadow; the North High-
lands car had not turned from Broad street into Fifteenth street
when he alighted from the Rose Hill car.    The departing Rose Hill
car made such a loud and rumbling noise that he could not hear the
rapidly approaching car, which gave no warning of its approach.
These were the conditions which surrounded the plaintiff's hus-
band when he started to his place of business, and just as he was
passing over the parallel track he was struck by the North High-
lands car, running at an excessive and dangerous speed, and hurled

35 feet. The conduct of the plaintiff's husband should be weighed by a jury to determine whether he used due care, both in leaving the car on the side next to the parallel track, and in attempting to cross Fifteenth street at the intersection of First avenue in the manner he did.

2. The defendant demurred specially to those allegations of the petition to the effect that the Rose Hill car which transported the plaintiff's husband to First avenue was constructed with reversible seats, compelling passengers to alight from the side of the car, and was not equipped with gates or bars to warn passengers from alighting from the side next to the parallel track; and that notwithstanding the defendant's servants on the Rose Hill car knew it was dangerous for plaintiff's husband to alight from the side of the car next to the parallel track, they did not warn him, when he was seen in the act of alighting, of the danger incident to alighting from that side of the car. The point is made that these allegations are irrelevant, and that the company was under no legal duty to warn the plaintiff's husband of any danger resulting from alighting on the side of the company's parallel track, or to equip its cars with gates or bars to prevent egress from that side. In the absence of a statute or valid municipal ordinance, there is no absolute duty resting on a street railway company, operating its cars on parallel tracks, to equip them with gates or bars to prevent passengers from getting off on the side next to the parallel track; yet whether it is negligence to fail to so equip its cars is a question for the jury, to be determined upon the facts of each case. *Augusta Ry. Co.* v. *Glover,* supra. The allegations sought to be stricken were not irrelevant. The plaintiff by these averments was attempting to show, that her husband alighted from the Rose Hill car according to the arrangement of the company; and that, the cars being so arranged that egress might be from either side, the failure of the company to provide bars on the side of the car next to the parallel track, or to otherwise warn her husband to refrain from alighting on that side, afforded a legitimate inference that he left the Rose Hill car in the manner he did by invitation of the company, and that he had reasonable justification in getting off the car onto the space between the tracks, and to walk from there to the cross street. The plaintiff was entitled to prove these facts in order to show that her husband was not necessarily guilty of contributory negligence in alight-

37

ing on the space between the tracks, from where the car stopped a distance of five or six steps to the street crossing, and to have the question of his diligence in this respect weighed by the jury, under all the attendant circumstances.

*Judgment affirmed.     All the Justices concur.*