# CASES

DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

AT THE

## OCTOBER TERM, 1914

5592.   ROME RAILWAY & LIGHT COMPANY *v.* BARNA.

1. If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover; though if the plaintiff could not have avoided the consequences brought about by the defendant's negligence, the defendant would not be relieved, notwithstanding the plaintiff may have in some way contributed to the injuries sustained.
2. Where a vehicle drawn by two mules, and in which the plaintiff was seated, was driven, in violation of a municipal ordinance, from the right to the left side of a city street, across a track on which he clearly saw a rapidly-moving trolley-car approaching, and he perceived that the motorman running the car had not observed the presence of the vehicle on the track, but was looking backward, and it does not appear that he was unable to remove himself from the dangerous situation, but he remained in the vehicle until the car collided with it, and he thereby received personal injuries, which evidently were due to his miscalculation of the speed at which the car was approaching, and his voluntary assumption of the hazardous risk of effecting a crossing under existing conditions, and also to his failure to exercise ordinary care to escape the apparent danger, he can not recover for the injuries, notwithstanding the negligence of the defendant.

DECIDED FEBRUARY 16, 1915.

Action for damages; from city court of Floyd county—Judge Reece.   February 28, 1914.

*Dean & Dean,* for plaintiff in error.   *McHenry & Porter,* contra.

WADE, J.   Barna brought suit for damages against the Rome Railway & Light Company, alleging, that about 5 o'clock in the afternoon, on January 18, 1913, he left the city of Rome to return to his home at Livingston, in company with James Keith; that

they were riding in a double-seated surrey drawn by two mules, Keith being on the front seat driving and the plaintiff on the back seat; that they were traveling on the right-hand side of the street, in obedience to a city ordinance, and the mule nearest the sidewalk became frightened by the granite curbing running along the side of the street near him, and continually pressed against the other mule and pushed it towards the left—towards the center of the street and the trolley track; that a car appeared on the trolley track, coming towards the vehicle in which the plaintiff was riding, and the rays from its headlight were thrown on the curbing and added to the fright of the mule, and therefore the driver, fearing that the right-hand mule would shy from the curbing and would throw the other mule in front of or against the car as it passed, turned the team to the left and attempted to cross the track to the left side of the street, in order that the shying mule would be removed from the curbing which alarmed it, and so that, when the car passed, this mule would press the team away from the car towards the sidewalk on the left; that from where the team was turned across the track, there was a straight unobstructed view of 100 yards from the car to the team, and the occupants of the surrey "could and did easily see the driver of the car and the driver of the car could see them;" that the car was running at the rapid rate of about 20 miles per hour, and though the vehicle in which the plaintiff was riding was in full view of the approaching car and there was ample time and space in which to check the car, the speed was not slackened until after it struck the surrey, and in fact the car ran on about 100 feet after the collision before it was stopped; that at the time the vehicle was struck the regular motorman was not in his place or on the car, but the conductor was acting as motorman, and, in running the car, "was looking back and not forward," and was negligent in not seeing the surrey and in striking it; that the team was turned diagonally across the track, the mules having crossed and the right front wheel and the rest of the vehicle being on the track when the car struck the front wheel of the surrey, knocked the mules down on the left side of the track, and threw the surrey on the right side; and that thereby the plaintiff was thrown out of the surrey and was injured in a manner described. He alleged negligence on the part of the defendant because the car was run or driven by the conductor in place of the

regular motorman; and because the conductor negligently looked back and not forward, and thus failed to see the surrey; and because the conductor was negligent in not looking to see that the track was clear, and was grossly negligent in failing to stop the car before it struck the vehicle and caused the injury, when the plaintiff was in full view and there was full space and ample time in which to prevent the collision; and furthermore, that the defendant was negligent in running the car at such a rapid and dangerous rate of speed, and in violation of an ordinance of the city of Rome which prohibited the running of street-railway cars at a greater rate of speed than eight miles per hour on certain streets named, or than twelve miles per hour in any other part of the city.

Besides demurring on special grounds, which need not be considered, the defendant demurred generally on the ground that the petition set forth no cause of action; and it excepts to the overruling of the demurrer. From the petition it appears that the plaintiff plainly perceived that the conductor, acting as motorman and running the car at the time the collision occurred, was not looking forward towards the point where the plaintiff attempted to cross the track, but was looking backwards, and the further fact was noted by the plaintiff and the driver that the car was coming at the rapid rate of 20 miles per hour or more, and yet, when the car was only 100 yards from them, the attempt was nevertheless made to cross from the right side of the road (where the ordinance of the city required the vehicle to be) to the left side, where the vehicle had no legal right to go, in front of the rapidly approaching car and in face of obvious danger. And it also appears that the only excuse offered for the disregard of the city ordinance and the effort made to cross the track in defiance thereof was the conclusion of the plaintiff or the driver, or of both (it does not clearly appear from the petition which), that on account of the fear of the curbing, which the mule on the right-hand side of the team was exhibiting, the left side of the street (going out of the city) would be a place of greater safety.

It is apparent, from the petition, that, admitting the truth of all the allegations of negligence attributed to the defendant, the accident would not have occurred if the driver and his passenger had not deliberately gone in front of the rapidly approaching car in attempting to cross over to the side of the street where they did

not belong, and where those in charge of the car had no reason to suppose they would attempt to go. It does not appear from the petition whether the driver of the surrey made the hazardous attempt to cross the track in front of the rapidly approaching car by the direction or consent of the plaintiff, or without his approval or his knowledge until too late to intervene; and if the plaintiff was simply a passenger (and perhaps a *simple* passenger), and did not acquiesce in, authorize, or participate in the dangerous attempt, it might be that his injuries were not brought about by negligence on his own part. Pleadings are to be construed most strongly against the pleader, however, especially where a demurrer brings into question their sufficiency; and it may be assumed, under the allegations in the petition and in view of the absence of anything therein to the contrary, that the plaintiff himself directly participated in the dangerous undertaking or either expressly or impliedly consented thereto. However, the petition discloses absolutely no reason why the plaintiff remained in the vehicle when he perceived the approaching car and noted the fact that the motorman was looking backward and not forward, and necessarily realized that an attempt to cross the track would be to some extent hazardous. It does not appear that the plaintiff was a cripple, or was a person whose lack of experience and knowledge was so great as to prevent him from understanding the danger of the situation, yet he remained in the vehicle without making any effort whatever, so far as his petition discloses, to escape the consequences to be expected from the alleged negligence on the part of the defendant in failing to check the car and continuing to approach at the same high rate of speed which the plaintiff had noted when the car first came into view.

The plaintiff discovered the negligence of the defendant when the car was 100 yards away, and it was his duty under the law to avoid the consequences thereof if possible. The Civil Code, § 4426, declares that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." The plaintiff's petition suggests no reason why the consequences of the defendant's negligence could not have been avoided by him. "The plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof

shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to himself of that negligence." *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105). The plaintiff alleges in his petition that the car, when it first appeared in sight, was 100 yards away, and the motorman had ample time to bring it to a stop before reaching the point where the plaintiff attempted to cross the track. Conceding this statement to be true, it seems apparent that the plaintiff had ample time to remove himself from his dangerous position in the surrey; and this it was his duty to do when he perceived (as he alleges in his petition) that the motorman was not looking in his direction, and therefore was negligently unaware of his presence. "Although the agents of a railroad company may be negligent in running its engine and cars at a high rate of speed over a public-road crossing and in approaching a station where the train is to stop, and in not keeping a lookout, yet if a person, with knowledge of the impending danger, steps on the track and seeks to cross immediately in front of the engine, and is injured, he can not recover." *Harris* v. *Southern Railway Co.,* 129 *Ga.* 388 (2), 391 (58 S. E. 873). "One who deliberately goes upon a railroad track in front of an approaching train, thinking that she can cross before the train reaches her, and miscalculating its speed because she is in front of it, can not recover for injuries resulting from being run down by the train, although the company's servants may have been negligent in running at a high rate of speed at that point, and also in failing to check the speed of the train at a public-road which crossed the track between the place where the train was when first seen by the plaintiff and the point at which the injury occurred. The above facts being set out in a declaration, a demurrer thereto was properly sustained; for it is clear, from the allegations made, that the plaintiff, by the exercise of ordinary care, could have avoided the injury." *Thomas* v. *Central of Georgia Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683), and cases there cited. As said in *Americus, Preston & Lumpkin Railroad Co.* v. *Luckie,* supra, "the law of contributory negligence is applicable only where both parties are at fault, and when, also, the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced."

It is clear, from the petition, that the plaintiff, by the exercise

of ordinary care, could have avoided the injury resulting from the collision brought about, as he alleges, by the negligence of the defendant; and this being true, the court erred in overruling the demurrer and refusing to dismiss the petition. It is unnecessary to further consider any alleged errors in the trial, since, if the petition itself made out no case upon which the plaintiff was authorized to recover, the entire trial was nugatory.

*Judgment reversed. Broyles, J., not presiding.*