. 6515.  GAINESVILLE RAILWAY & POWER CO. *v.* HAM.

BROYLES, J.  1.  Where one sues a railroad company for injury to himself or his property, whether or not the negligence of the plaintiff amounted to an omission to take ordinary care for his own safety is a question of fact for the jury, yet if the evidence, including the testimony of the plaintiff himself, demands a finding that the plaintiff did not use ordinary care to prevent the injury sued for, a verdict in his favor is not authorized by the evidence, and a new trial should be granted.  Civil Code, § 2781; *Southern Ry. Co.* v. *Blake,* 101 *Ga.* 217 (3), 223 (29 S. E. 288), and cases therein cited; *Linder* v. *Brown,* 137 *Ga.* 352 (4), 353 (73 S. E. 734); *Athens Ry. & Electric Co.* v. *McKinney,* 16 *Ga. App.* 741 (86 S. E. 83).

2. The plaintiff in this case, according to the evidence, could by ordinary care have avoided the injury sued for, and, consequently, the verdict in his favor should have been set aside and a new trial granted.

*Judgment reversed.*

DECIDED JANUARY 20, 1916.

Action for damages; from city court of Hall county—Judge Wheeler.  March 20, 1915.

An electric-car on the defendant's railway struck the plaintiff's automobile when he was driving the automobile across the railway-track.  He obtained a verdict for damages, and the case came to this court on exceptions to the overruling of the railway company's motion for a new trial, in which it is alleged that the verdict was unsupported by evidence.  From the evidence it appeared that the plaintiff had stopped his automobile in front of a house on a street at a point about 20 or 25 feet below a street-crossing, and, when he had finished a call at the house, he walked around to the front of the automobile, which was headed towards a railway-depot, and looked backward in the direction from which the street-car was approaching, but did not see the car.  He could see the track for about a hundred yards, and then a hill obscured his vision.  He entered his automobile, arranged some bundles, and drove slowly in the direction of the depot, for a distance of about twenty feet, running close to the sidewalk for the purpose of making a turn to cross the car-track, and go back up the street in the direction from which he came.  He made the turn, and when the automobile was crossing the car-track, a street-car, going towards the railway-depot, struck the rear of the machine.  He testified: "I didn't see the street-car at the time it struck my automobile.  I don't know how fast it was running; it wasn't running very fast. . . The motorman did not give any warning of his approach that I heard.

. . The curtains on my automobile were down; I don't think they were down all around; the back curtain was down. I would judge the street was about forty feet wide there. The street-car track is near the center of the street. I suppose there was a space of fifteen or sixteen feet between the rail next to me and the curbing. . . When I started to turn I ran as close to the curb as I could. I would say I was moving about a mile and a half an hour. I was very deliberate in my movements. I had some packages to adjust in my car; that took me some little time, I would say a minute or so. I placed the packages after I got in the car, and after I got in it was a minute or so before I started. After I got in the car I did not look back up the street through the back window to see if any car was coming. . . I started off exactly as if I were going to the depot. . . I didn't make a sudden turn; I made a litttle curve. This was the first indication that the motorman could have that I intended to cross the track. . If the motorman had come to the top of the hill when I was arranging the packages I don't guess he could have seen me at all, unless he could have seen me through the back glass. The back of the automobile was directly towards him, and the back curtain was down. . . I did not throw my hand out on the left-hand side to give any one notice that I was going to turn around; there was no indication made by me that I was going to turn around. I didn't look to see if any one was coming; I didn't give any one warning that I expected to turn. So far as I know they may have supposed that I was going to the depot until I made the turn. . . I could have speeded up and crossed faster; I went about half as fast as a man can walk. . . I didn't consider it my business to look back and see if a car was coming; I didn't think anything about it; I thought I had as much right there as they did. If the car had been in fifteen or twenty feet of me I would have turned the same way. After I started I was going in the same direction they were until I started to turn. . . I didn't give them any notice at all that I expected to cross."

*H. H. Dean,* for plaintiff in error, cited: 6 *Ga. App.* 137; 2 *Ga. App.* 161; 93 *Ga.* 370 (7); 101 *Ga.* 411; 87 *Ga.* 6; 129 *Ga.* 388; 121 *Ga.* 38; 16 *Ga. App.* 1; Civil Code, §§ 2781, 4426.

*Hammond Johnson,* contra, cited: 103 *Ga.* 351, 352; 123 *Ga.* 280; 127 Ill. 1 (4 L. R. A. 280); 121 *Ga.* 443, 446; 84 *Ga.* 420; 6

*Ga. App.* 138; 135 *Ga.* 132; 7 *Ga. App.* 236, 238, 711; 133 *Ga.* 573; 8 *Ga. App.* 661 (1), 530, 355; 16 *Ga. App.* 1; 101 *Ga.* 410; 13 *Ga. App.* 125-6; 94 *Ga.* 632.