## 22495.  Donaldson *v.* Tripod Paint Company *et al.*

Jenkins, P. J.  A joint suit was brought in the city court of Atlanta against a nonresident corporation and a resident corporation, for damages on account of personal injuries.  The resident corporation was served.  Subsequently the plaintiff sued out an attachment in the municipal court of Atlanta against the nonresident corporation, and had summons of garnishment issued thereon and served upon the defendant resident corporation, the attachment being made returnable to the municipal court, and making no reference to the pending suit in the city court.  The garnishee, who was also a joint defendant in the pending suit for damages, filed its answer to the summons of garnishment in the city court, setting forth that it had in its hands a certain sum of money and certain property belonging to the nonresident corporation, and that the property was of a stated value.  The attachment was actually returned to the city court, and on motion of the plaintiff the attachment proceeding was consolidated with the pending common-law suit.  On the trial the jury found in favor of the plaintiff as against the nonresident corporation only; whereupon a joint judgment was entered against the nonresident corporation and against the resident corporation as garnishee.  On motion of the garnishee this judgment was set aside and vacated.  This action of the court was affirmed in *Donaldson* v. *Tripod Paint Co.*, 43 *Ga. App.* 3 (158 S. E. 640), this court holding that as to the garnishee such joint judgment was void, it affirmatively appearing that no previous judgment had been entered against the defendant against whom the jury had returned a verdict in the suit for damages. Upon the return of the remittitur to the lower court, the plaintiff sought to amend the previous judgment by striking the name of the garnishee therefrom, so as to make it a judgment only against the defendant nonresident corporation against whom the verdict was rendered.  This motion was denied, and no exception is taken to that ruling.  In so ruling, however, the judge expressed the opinion that the previous judgment against the defendant nonresident corporation, if ever valid, was unaffected by the decision of this court holding such judgment void as against the garnishee.  Thereafter the execution which had been issued on the previous judgment was amended by the clerk, in substance, by striking the garnishee therefrom.  The plaintiff then sought to have the execution levied upon the property which the garnishee had previously answered was in its hands, the entry of the officer reciting that demand for the production of such property had been made upon the garnishee, and that the garnishee had answered that it was not in possession thereof.  Thereupon the plaintiff filed a petition in the trial court, reciting the facts above narrated, and praying that the garnishee "be adjudged a defaulting garnishee, and that a default judgment be awarded her against said garnishee."  The petition was denied, and the plaintiff now excepts to this ruling.  *Held:*

1. "When the garnishee appears and answers that he is indebted to, or has property or effects in his hands belonging to the defendant in attachment, judgment shall be rendered against him in favor of the plaintiff for such acknowledged indebtedness, and the property and effects, what-

ever they may be, shall be delivered into the hands of the sheriff or constable, as the case may be, and by order of the court shall be by him sold, and the money arising from such sale shall be held subject to the order of the court, and in case the garnishee fails to deliver over such property or effects to the officer as aforesaid, it shall be lawful for the court to attach him as for contempt; and the property and effects so surrendered and delivered into the hands of the officer, as aforesaid, shall be sold at such time and place, and after such notice given, as the court ordering the same shall direct." Civil Code (1910), § 5098. The provisions of this section apply to garnishments at common law. Civil Code (1910), § 5295.

2. Assuming (but not deciding) that the judgment against the main defendant, the nonresident corporation, was valid, the remedy, if any, which the plaintiff might have had against the resident garnishee, under the circumstances narrated, was under the provisions of the code section above set forth, and not by seeking a "default" judgment against such garnishee, since the record shows that the garnishee was not in "default," but had actually filed answer to the summons of garnishment served upon it, and had paid into court the sum of money in its hands, having failed only to produce the property which it had answered was in its hands. Accordingly, the judge did not err in denying the motion of the plaintiff for such judgment by default against the garnishee.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 14, 1933.

*Paul S. Etheridge & Son, William A. Thomas,* for plaintiff.
*Quincy O. Arnold, Bryan, Middlebrooks & Carter,* for defendants.