24158.   KIRK *v.* SAVANNAH ELECTRIC & POWER CO.

DECIDED FEBRUARY 1, 1935.

*Ulmer & Dowell,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

MacIntyre, J.   This was a suit for damages, against a street-railway company.   The judge sustained a general demurrer to the petition, and the plaintiff excepted.

The plaintiff was proceeding eastwardly towards an intersecting street in the City of Savannah, on which there was a street-railway line with a street-car approaching from the south.   He was driving his automobile about seven miles an hour at the time, and observed the approaching street-car about two thirds of a block away, which was then running about six miles an hour and was on his right.   He "realized" that he had ample time to cross the intersection ahead of the street-car, and would have done so, had not the street-car suddenly, without warning or signal of any kind, increased its speed to a reckless and rapid rate, between 25 and 30 miles an hour, and therefore, before plaintiff could cross the tracks, defendant's street-car ran into his automobile, inflicting the injuries and damage sued for.   He further charged that the defendant was negligent in that the operator of its street-car failed to keep a lookout ahead and failed to stop, and, by speeding up after discovering plaintiff in the exercise of the right of

way given him by law, and in failing to keep a proper lookout and see plaintiff crossing ahead in time to stop the street-car before striking plaintiff. It is to be noted that plaintiff does not allege that defendant's street-car was to stop at this intersection, and that relying thereupon he proceeded to cross the street. Plaintiff does not charge that the defendant actually saw him and attempted to beat him across the street. The allegations in the petition in respect to knowledge on the part of the defendant, properly construed, charge only implied knowledge. One of plaintiff's charges of negligence was that defendant failed to "see" him. See *Central of Ga. Ry. Co.* v. *Prior,* 142 *Ga.* 536 (83 S. E. 117); *Kinnebrew* v. *Ocean Steamship Co.,* 47 *Ga. App.* 704, 706 (171 S. E. 385). Plaintiff charges that the defendant violated a described ordinance of the city in increasing the speed of the street-car on approaching the intersection at a speed greater than 15 miles an hour, that ordinance prohibiting the operation of any vehicle in the city at more than 15 miles an hour. The ordinance reads as follows: "Rates of speed. It shall be the duty of any person or persons using upon any street of the City of Savannah an automobile of any kind and character, or any vehicle, to proceed carefully and cautiously, and to so operate, handle, and guide the said machine as to avoid damage to persons or property, and the speed of said machine shall in no event exceed fifteen (15) miles an hour in the corporate limits of the City of Savannah, and shall be less than said speed when, because of the presence of people or vehicles on the streets or other causes, proper prudence and caution shall dictate a slower rate of speed. Provided, however, that in turning corners, or making any other turn, or when crossing any paved street running from north to south, the speed shall be reduced so as not to exceed eight (8) miles an hour. Provided further that when any automobile or similar vehicle is emerging from any building into a lane or street, and when said vehicle is proceeding from any lane or street into a building, the speed shall not exceed five (5) miles an hour. It being the intention of this ordinance to prohibit, at all times, speed that is rendered dangerous by the condition existing at the moment, although the speed may be within the maximum limit herein stated."

In 46 A. L. R. 998, it is said: "It is difficult to find a word in this flexible and sometimes nebulous language of ours with a more

expansive meaning than 'vehicle.' Language is a vehicle of thought, and pill is a vehicle of medicine, and a dirigible ·a vehicle of the air. Standing alone, 'vehicle' may refer to any one of them. The point is that when seeking to ascertain the meaning of the word it is in any case indispensable to study its context." After noting in particular that following the words in the ordinance, "an automobile of any kind or character or any vehicle," the ordinance says "to proceed . . and handle said *machine* . . and the speed of *said machine* shall in no event exceed 15 miles per hour . . ; that when *any automobile* or *similar vehicle* is emerging from any building into a lane or street, and when *said vehicle* is proceeding, . . the speed shall not exceed five miles per hour." (Italics ours.) After carefully studying the context in order to ascertain the meaning of the words "or any vehicle," as used in the ordinance, we are of the opinion that a street-car is not included in the term "or any vehicle" in the sense in which the words are used in the ordinance. *Latham* v. *Stewart,* 140 *Ga.* 188 (78 S. E. 812) ; *Weatherly* v. *Athens,* 18 *Ga. App.* 734 (90 S. E. 494) ; *Standard Oil Co.* v. *Swanson,* 121 *Ga.* 412 (49 S. E. 262) ; *Amorous* v. *State,* 1 *Ga. App.* 313 (57 S. E. 999) ; Monongahela Bridge Co. *v.* P. & B. Ry. Co., 114 Pa. 484 (8 Atl. 233) ; Bouvier's Law Dictionary (Baldwin's ed.), 1210.

Cases like *Brown* v. *Savannah Electric & Power Co.,* 46 *Ga. App.* 393 (167 S. E. 777), and cit., are not at all similar to the case sub judice. Plaintiff set up no duty or custom on the part of the defendant railway company on which he relied. This seems to be a case of erroneous judgment, where the collision and resulting injuries to the plaintiff were brought about by the plaintiff's mistaken judgment that he had "ample" time to get across ahead of the approaching street-car. In these circumstances, despite the alleged negligence of the defendant, the injuries were not the result of such negligence, and the plaintiff does not allege a case showing a right to recover of the defendant. Civil Code (1910), §§ 2781, 4426; *Southern Ry. Co.* v. *Blake,* 101 *Ga.* 217 (29 S. E. 288) ; *Atlanta Ry. &c. Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213) ; *Thomas* v. *Central of Ga. Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683) ; *Rome Ry. El. Co.* v. *Barna,* 16 *Ga. App.* 1 (84 S. E. 209) ; *Columbus Ry. Co.* v. *Holcombe,* 22 *Ga. App.* 676 (97 S. E. 194) ; *Haddon* v. *Savannah Electric & Power Co.,* 36 *Ga. App.* 183 (136 S. E. 285) ; *Pickard*

v. *Ga. Power Co.,* 41 *Ga. App.* 605 (154 S. E. 206); *Anderson* v. *Collins & Glennville Ry. Co.,* 47 *Ga. App.* 722 (171 S. E. 384). In a case of this character, it was the plaintiff's failure to exercise due care for his own safety that brought about his injuries, and the doctrine of comparative negligence is not applicable. *Hopkins* v. *Southern Ry. Co.,* 110 *Ga.* 85, 89 (35 S. E. 307). The judge did not err in dismissing the action on general demurrer.

 *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*