31232. SOUTHERN RAILWAY COMPANY *v.* WATSON.

DECIDED SEPTEMBER 10, 1946. REHEARING DENIED OCTOBER 3, 1946.

320

322

324

*Wheeler, Robinson & Thurmond, R. W. Smith Jr.,* for plaintiff in error.

*B. Frank Whelchel, Joseph G. Collins,* contra.

GARDNER, J. The only question before us for decision is: Does the evidence demand a verdict for the defendant? Learned counsel contend that the verdict and judgment are contrary to law and without evidence to support them, and that the affirmative defenses in the defendant's plea and answer were abundantly sustained by the testimony of the plaintiff. To sustain this view, our attention is called to Code (Ann. Supp.) § 105-603, which reads: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may, in some way, have contributed to the injury sustained." Our attention is also called to § 37-116, which reads: "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led. Ignorance of a fact due to negligence, shall be equivalent to knowledge in fixing the rights of the parties."

Our attention is also called to a number of decisions which we

have carefully considered. In *Hunt* v. *Dunn, 74 Ga.* 120, 121, the Supreme Court said: "Whatever is notice enough to excite attention and put the party on his guard and call for inquiry, is also notice of everything to which it is afterwards found that such inquiry might have led, although all was unknown for want of investigation; that is, where a person has sufficient information to lead him to a fact, he shall be deemed cognizant of it."

In *Schmidt* v. *Block, 76 Ga.* 823, the Supreme Court said: "(a) Where knowledge is essential to charge the master, negligent ignorance is equivalent to knowledge."

This court in *Coleman* v. *W. & A. R. Co., 48 Ga. App.* 343 (172 S. E. 577), said: "A railroad track is a place of danger, and one who goes thereon is bound to know that he is going into a place where he is subject to the dangers incident to the operation of trains upon the track, even at a public crossing in the city. An ordinarily prudent person in the possession of all his faculties would not attempt to cross a railroad track at any place without using at least his sense of sight, if not that of hearing, to determine whether at the time and place he was about to cross the same there were present any of those dangers which a person of ordinary intelligence would reasonably apprehend." See also *Gainesville Railway & Power Co.* v. *Ham,* 17 *Ga. App.* 500 (87 S. E. 715), and *Thomas* v. *Central of Ga. Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683). In *Harris* v. *Southern Ry. Co.,* 129 *Ga.* 388 (2) (58 S. E. 873), it is said: "Although the agents of a railroad company may be negligent in running its engine and cars at a high rate of speed over a public road crossing and in approaching a station where the train is to stop, and in not keeping a lookout, yet, if a person, with knowledge of the impending danger, steps on the track and seeks to cross immediately in front of the engine, and is injured, he can not recover." See also *Southern Ry. Co.* v. *Hogan,* 131 *Ga.* 157 (62 S. E. 64). Also, our attention is called to the remarks of Justice Lumpkin in the case of *Americus, Preston & Lumpkin R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105), as follows: "It seems to be the clear meaning of our law that the plaintiff can never recover in an action for personal injuries, no matter what the negligence of the defendant may be, short of actual wantonness, when the proof shows he could by ordinary care, after the negligence of the defendant began, or was existing, have avoided the consequences to

himself of that negligence . . the law of contributory negligence is applicable only where both parties are at fault, and when, also, the plaintiff could not by ordinary care have avoided the injury which defendant's negligence produced." Likewise, our attention is called to the case of *Kirk* v. *Savannah Electric & Power Co.,* 50 *Ga. App.* 468 (1, 3) (178 S. E. 470), which reads as follows: "1. A street railway company is not liable in damages to the plaintiff because of a collision between a street car and the plaintiff's automobile, at a crossing, that was brought about solely by the plaintiff's mistaken judgment that he had ample time to drive his automobile across the defendant's railway tracks ahead of the oncoming street car. . . 3. Where the plaintiff's injury is the result solely of his erroneous judgment, the doctrine of comparative negligence is not applicable."

It is contended that on account of these precedents and principles the evidence in the instant case demands a reversal and demands a verdict in favor of the defendant. In cases of this character, it is often quite difficult to determine the line of demarkation as to whose negligence is the proximate cause of an injury, and where, as here, the evidence authorizes the application of the rule of comparative negligence, the question becomes more difficult. Of course it is conceded that if the plaintiff in the instant case deliberately drove upon the track of the defendant, in front of an oncoming train, with full knowledge that the train was approaching, or that if he, by the exercise of ordinary care, could have discovered its approach, then he would not be entitled to recover, even though the defendant was negligent. But upon a careful comparison of the allegations of fact and the evidence in the instant case with those of the cases cited, we conclude that the principles invoked are not controlling in the case at bar and are not at variance with the affirmance of the judgment in the instant case. While it is true that the plaintiff testified to the effect that he and the ticket agent, Proctor, saw a light which they thought was from a railroad engine, they investigated and he, the plaintiff, concluded that the light was from an automobile on Railroad Avenue and that from his familiarity with the place and surroundings and from his experience, he had mistaken lights on automobiles on Railroad Avenue for headlights of trains on the defendant's tracks,—the avenue and the tracks running parallel at the place where the

lights were seen. The plaintiff further testified that the lights disappeared and he came to the conclusion that the lights which he saw were from an automobile and not from a train. The jury might have attached significance to the fact that the ticket agent of the defendant, who was sworn as a witness in the case, was not used to contradict the testimony of the plaintiff. They were both equally familiar with the surrounding circumstances on the occasion of the collision. The jury in this view were authorized to conclude (the plaintiff and the ticket agent having discussed the appearance of the headlight which they saw) that the plaintiff did exercise some degree of care in determining whether the defendant's train was approaching. The jury were thus authorized to consider the degree of care exercised by the plaintiff. They were authorized to conclude that the plaintiff, while exercising some care, was not wholly blameless, but that he was less to blame or less negligent than the defendant in the operation of its train, and was therefore entitled to recover under the comparative negligence principle. The appellate courts in negligence cases of this sort, where the sufficiency of the petition was attacked by demurrer, have many times held that questions of negligence and the proximate causes of an alleged injury are peculiarly questions of fact for the jury.to solve and not questions of law for the courts except in palpably clear, plain, and undisputed cases. *Lanier* v. *Turner,* 73 *Ga. App.* 749 (38 S. E. 2d, 55). When we step from the rule which prevails as to pleadings, to the principle which governs in determining whether the finding of the jury should be sustained or reversed, we have the principle which we are bound to follow in jury verdicts. That principle is clearly expressed in the case of *Scribner's Sons* v. *Mutual Building Co.,* 1 *Ga. App.* 527 (58 S. E. 240), as follows: "Where the question in a case is one of fact, every presumption is in favor of the verdict of the jury that they found what was the truth about the matter; and the record must affirmatively show that the verdict was contrary to law before it can be set aside. *Maddox* v. *Cross,* 80 *Ga.* 105." It is well recognized that this court is without authority to grant new trials except for errors of law. Under the evidence in this case this court is without authority to reverse the verdict and judgment of the court below. The trial judge, on a motion for a new trial, approved the verdict. From the evidence which we have set forth from the record, it is clear to

us that there is evidence sufficient to sustain the verdict. In this phase of our remarks we wish to call attention to *Central of Georgia Railway Company* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949). The Supreme Court gives a lengthy and learned treatment in which the authority of the trial court and the appellate court is differentiated in the matter of setting aside the findings of fact of a jury.

In view of the authorities, we can not hold as a matter of law that the judgment should be reversed for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*