## 36364. BRYANT *v*. THE STATE.

TOWNSEND, J. 1. "The offenses of making a forged instrument and uttering the same are separate and distinct, although knowledge that an instrument is forged is an essential ingredient of the crime of uttering." *Rowland* v. *State*, 90 *Ga. App.* 742, 743 (84 S. E. 209).

2. The offense of altering a receipt for payment so as to make it purport to be a receipt for a larger amount than was in fact received and acknowledged is within the purview of Code § 26-3901 reading in part as follows: "Whoever, with intent to defraud . . . any person shall falsely and fraudulently . . . alter . . . or cause or procure to be falsely and fraudulently . . . altered . . . (6) any . . . receipt . . . shall be punished by imprisonment and labor in the penitentiary for not less than four years nor more than 10 years."

3. Where, as here, an indictment in a single count charged that the defendant did "fraudulently alter, and was concerned in the fraudulent altering of a certain receipt issued to him (describing it), said check being altered for the purpose of defrauding Spooner Naval Store Company," etc., and where the defendant's only defense was that the altered receipt which he presented in urging a correction of his accounts was with all the rest of his receipts and if altered must have been changed by children or other persons with access to his papers during his illness and without his knowledge, it was error as contended in special ground 6 for the trial court to charge as follows: "If any person shall utter or

publish as true any of the false, fraudulent, forged, altered, or counterfeited matters mentioned in the preceding section, or any endorsement or assignment of any bond, writing, obligatory, bill of exchange, promissory note, or order for money or goods or other thing of value, with intent to defraud the State, public officers, courts or persons authorized as aforesaid, or any other person, knowing the same to be so falsely and fraudulently made, forged, altered, or counterfeited, he shall be punished by imprisonment and labor in the penitentiary for not less than 4 years nor more than 10 years. Now that refers to the preceding section and I will read you section No. 6 of the preceding section: Any deed, will, testament, acquittance, or receipt. Now that section No. 6 covers this case. Any person who shall willfully and knowingly utter, publish, pass or tender as true, any false, altered, forged, or counterfeited letter, certificate, card, or receipt, the forging, altering or counterfeiting whereof is prohibited by either of the 2 preceding sections, with intent to injure, deceive or defraud, knowing the same to be forged, shall be punished as for a misdemeanor." The first sentence of this excerpt is taken from Code § 26-3902 which concerns the offense of uttering and has no application to this case. The second sentence properly contains a part of the applicable Code § 26-3901, but is so out of context that the jury could not possibly apply it to the crime of forgery. The last sentence contains the provisions of Code § 26-3905 which have no application here both because it concerns the crime of uttering forged instruments rather than forgery and because it specifically refers to Code §§ 36-3903 and 36-3904 which concern receipts for association dues and other inapplicable instruments. The objection to this charge that it was not relevant, not adapted to the charge in the indictment, and confusing and misleading to the jury is well taken; all the more so since the court nowhere in his charge gave any instructions on the crime of forging or fraudulently altering receipts such as the instrument here involved. The charge might well have been harmful to the defendant in that it authorized the jury to convict the defendant of uttering a forged instrument, a crime with which he was not charged, in the event it believed his statement that he had not himself committed the forgery.

4. The remaining assignments of error are not likely to recur, or represent amplifications of the general grounds. The latter are not passed upon since the case is to be tried again.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 25, 1956.

*Ford & Houston,* for plaintiff in error.

*W. J. Forehand, Solicitor-General, Robert B. Williamson,* contra.