# McDonald, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—Locomotive firemen—Contributory negligence—Question for jury.*

In an action against a railroad company by a locomotive fireman, one of its employees, for personal injuries, it appeared that it became necessary for the plaintiff in the discharge of his duty to get off his engine after dark for the purpose of changing a switch. He had a light, but as he stepped down from the engine the wind blew it out. He expected to alight upon level ground between the two main tracks of the railroad, directly opposite the switch stand which the trainmen were required to manipulate, which would have meant a distance of not more than eighteen inches. Instead of that his foot dropped into an excavation of a depth which nearly doubled the distance from the step of the engine to the ground. The space between the two tracks was used

542 McDONALD, Appellant, v. LEHIGH VAL. R. R. CO.

as a footway for trainmen and other employees. *Held,* that the question of the defendant's negligence and the plaintiff's contributory negligence was for the jury, and that the court below was guilty of error in entering a nonsuit.

Argued April 10, 1912. Appeal, No. 145, Jan. T., 1912, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1908, No. 1430, refusing to take off nonsuit in case of John McDonald v. Lehigh Valley Railroad Company. Before FELL, C. J. MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries before GARMAN, J.

The opinion of the Supreme Court states the case.

*Error assigned* was the refusal to take off nonsuit.

*Thomas F. Farrell,* with him *John R. Halsey,* for appellant, cited; Phila. & Reading R. R. Co. v. Schertle, 97 Pa. 450; Kerrigan v. Penna. R. R. Co., 194 Pa. 98; Kaylor v. R. R. Co., 216 Pa. 134; Clegg v. Steel Casting Co. 34 Pa. Superior Ct. 63; Whitcher v. R. R. Co., 70 N. H. 242 (46 Atl. Repr. 740); Ill. Cent. R. R. Co. v. Cozby, 174 Ill. 109 (50 N. E. Repr. 1011).

*J. B. Woodward,* of *Wheaton, Darling & Woodward,* with him *P. F. O'Neill,* for appellee, cited; Phila. & Reading R. R. Co. v. Schertle, 97 Pa. 450; Brossman v. R. R. Co., 113 Pa. 490.

OPINION BY MR. JUSTICE POTTER, May 22, 1912:

This is an appeal from the refusal to take off a judgment of nonsuit. The plaintiff was a locomotive fireman, and in the discharge of his duty it became necessary for him to get off his engine after dark for the purpose of changing a switch. He had a light, but as he stepped down from the engine, the wind

blew it out.  He expected to alight upon level ground between the two tracks, directly opposite the switch stand, which would have meant a distance of not more than eighteen inches.  Instead of that his foot dropped into an excavation which considerably increased the depth, and caused him to fall against the truck of the tender of the engine, permanently injuring his arm.

At the close of plaintiff's testimony, the trial judge directed the entry of judgment of compulsory nonsuit In his opinion refusing to take off the judgment he said, "We must confess that under the circumstances of this case, we should have sustained plaintiff's contention were it not for the fact that we interpret the rulings of the Supreme Court in the cases of Philadelphia & Reading R. R. Co. v. Schertle, 97 Pa. 450, and Kerrigan v. Penna. R. R. Co., 194 Pa. 98, to govern the case now before us."

Plaintiff has appealed, and his counsel urge that the facts brought out in the testimony in this case take it out of the scope of the decisions above noted. The defect under consideration, in the cases cited, was in the roadbed itself, between the ties, and between the rails of the track, where a portion of the ballast had been washed out, or dug out at a place where the brakemen would be rarely required to go in the discharge of their duty.  In addition to this, the defect was comparatively slight.  In the present case, the negligence charged upon the defendant company was the maintenance between the two main tracks of an excavation of a depth which nearly doubled the distance from the step of the engine to the ground, and which was located at a point where the ground was ordinarily smooth and level, and which was used as a footway for trainmen and other employees.  This excavation was immediately opposite a switch which the trainmen were required to manipulate.  The excavation was perhaps of a temporary nature, but it seems

to have been left without proper lights or danger signals to give notice of its existence.

We agree with the contention of appellant's counsel, that the evidence of these facts does distinguish the present case from those upon which the judgment of this court was based in the cases which the trial judge deemed controlling. The defendant company was bound to use reasonable care to see that the approaches to the switch were kept in such condition that the trainmen who had occasion to approach this switch in the discharge of duty, could do so with safety provided they used due care for their own protection. Whether or not the conduct of the company in excavating the trench, and in its subsequent care of it, was consistent with this duty, was a question of fact to be determined by the jury. So with regard to the conduct of the plaintiff, and as to whether he was negligent in the manner in which he stepped from his engine in the attempt to alight at the place in question for the purpose of turning the switch. This was for the determination of the jury. With respect to neither of these questions were the inferences to be drawn from the evidence so clear as to enable the court to properly dispose of them as matter of law. The whole case was one for the jury, to be submitted under careful and proper instructions.

The judgment is reversed with a procedendo.