### 10386. BENNETT v. MANN.

1. The remedy given a seller by the Civil Code (1910), § 4131, of resale where the purchaser refuses to take and pay for goods bought, is applicable to cases of executory contract where the seller tenders performance, and where, before the time fixed for delivery, the purchaser notifies the seller that he will not receive and pay for the goods if tendered at that time. *McCord* v. *Laidley*, 87 *Ga.* 221 (13 S. E. 509); *Davis Sulphur Ore Co.* v. *Atlanta Guano Co.*, 109 *Ga.* 607 (34 S. E. 1011); *Mendel* v. *Miller*, 126 *Ga.* 834 (56 S. E. 88, 7 L. R. A. (N. S.) 1184); *Brooks* v. *Roberson*, 3 *Ga. App.* 136 (59 S. E. 253); *Southern Flour & Grain Co.* v. *St. Louis Grain Co.*, 11 *Ga. App.* 401 (75 S. E. 439). However, before the purchaser will be liable for the difference between the contract price and that obtained on resale, it must appear that he was notified of the seller's intention to resell at the purchaser's risk. *Felty* v. *Southern Flour & Grain Co.*, 140 *Ga.* 332 (1) (78 S. E. 1074).

2. Whether a seller, who, upon the purchaser's refusal to take and pay for goods bought, elected to resell and recover the difference between the contract price and that obtained on the resale, exercised reasonable diligence to sell within a reasonable time and at the best price he

could obtain is a question for the jury. *Robson* v. *Hale,* 139 *Ga.* 775 (78 S. E. 177); Carver *v.* Graves,.47 Tex. Civ. App. 481 (32 S. W. 826).

3. When considered in connection with the allegation in paragraph 1 of each count of the petition, that "said sale and purchase were confirmed in writing by the plaintiff and by the defendant," the statement in the petition of the alleged contract of sale is not of a mere offer, proposal, or unilateral agreement, nor of an executed contract of sale, but of an executory contract for the sale of goods to be delivered in the future. 21 A. & E. Enc. Law (1st ed.), 485, 486.·

(*a*) The contract is not so indefinite in regard to the number, weight, and character of hides ("the thing sold") as to be incapable of legal enforcement. 35 Cyc. 205; *Bass Dry Goods Co.* v. *Granite City Mfg. Co.,* 113 *Ga.* 1142 (39 S. E. 471); *Terry* v. *International Cotton Co.,* 136 *Ga.* 187 (70 S. E. 1100); Winborne Guano Co. *v.* Plymouth Mercantile Co., 168 N. C. 223 (84 S. E. 272); Cash *v.* Hinkle, 36 Iowa, 623; Nixon *v.* Nixon, 21 Ohio St. 114; *Shore Lumber Co.* v. *American Lumber &c. Co.,* 23 *Ga. App.* 135 (97 S. E. 667); Civil Code (1910), § 4268.

4. As a general rule, separate counts in a petition are to be treated as if they set out separate causes of action. Allegations from one count cannot be imported into another, either for the purpose of sustaining or destroying it, unless the pleading, though in form containing two counts, in substance and in fact contains but one. *Train* v. *Emerson,* 137 *Ga.* 730 (1) (74 S. E. 241).

(*a*) The court did not err in overruling the general demurrer, so far as it applied to the first count of the petition.

(*b*) The second count of the petition is defective in ·substance, and the general demurrer, so far as it applied to the second count, should have been sustained.

DECIDED DECEMBER 11, 1919.

Action of contract; from Fulton superior court—Judge Humphries. February 4, 1919.

*Westmoreland, Anderson & Smith,* for plaintiff in error.

*Anderson, Rountree & Crenshaw,* contra.

LUKE, J. Charles H. Mann, doing business in the name of Southern Hide and Skin Company, brought suit against J. H. Bennett, doing business in the name of Atlanta Hide and Tallow Company. The petition was in two counts. The first count alleges: (1) The defendant is a resident of Fulton County, Georgia. (2) On November 28, 1917, the plaintiff sold to the defendant "from fifteen hundred to two thousand green salted hides, 30# and up, at the price of 20½¢ per pound, f. o. b. Jacksonville, hides to be free from damage," the said words "30# and up" having a fixed and definite trade meaning, to wit, of the weight of 30 pounds and upwards. On said day said sale and purchase were confirmed in writing by the plaintiff and by the defendant.

(3) Plaintiff advised defendant from time to time of his readiness and ability to deliver said two thousand hides under said contract, and urged him to accept and pay for them, but at the instance of the defendant the delivery of said two thousand hides covered by said contract thus confirmed was delayed from time to time until February 20, 1918, and on that day the defendant refused to accept and pay for said hides, and so notified the plaintiff. (4) Thereupon, to wit, on February 22, 1918, the plaintiff caused the defendant to be served with a notice in writing, a copy of which is hereto attached, marked "Exhibit A" and made a part hereof. (5) Plaintiff then proceeded in the utmost good faith to make a resale of said 2,000 hides at the highest price obtainable, and as a result of said efforts, to wit, on March 12, 1918, he made a resale of said two thousand hides to Northwestern Leather Company of Boston, Mass., at fourteen cents per pound. (6) The difference between the contract price of said two thousand hides and the price thereof on resale amounted in the aggregate to $6,042.22. (7) In his efforts to make a resale plaintiff necessarily and properly incurred the following expenses, to wit, the sum of $250, the expenses of a trip to Atlanta, Georgia, thence to Chattanooga, Tenn., thence to Elkin, N. C., and thence to Boston, Mass., in an effort to make a resale of said hides to Schoen Brothers, at Atlanta, Georgia, or to Scholze Tannery, at Chattanooga, Tenn., or to Elkin Shore Company, at Elkin, N. C., or to Beggs and Cobb, or to the Northwestern Leather Company, at Boston,_Mass., they being then and there the principal parties in the market for hides of said character and quantity. Wherefore plaintiff prays judgment against the defendant in the principal sum of $6,292.22., etc.

In the second count of the petition the allegations in paragraphs 1 to 4 inclusive are the same as the allegations in the paragraphs of the same numbers in the first count. The remaining paragraphs allege: (5) Plaintiff then proceeded in the utmost good faith to make a resale of said hides at the highest price obtainable. (6) On February 27, 1918, defendant ordered plaintiff to prepare the hides · for inspection and delivery, and this was done with reasonable expedition. (7) On March 2, 1918, defendant inspected and selected fifteen hundred hides, which were then and there accepted, weighed, and loaded on cars at Jacksonville, and thereupon defendant refused to pay therefor, said fifteen hundred hides being then

and there the weight of 70,181 pounds. (8) Plaintiff then further prosecuted his diligent efforts to make a resale of said hides, and on March 12, 1918, he made a resale of said fifteen hundred hides to Northwestern Leather Company, Boston, Mass., at fourteen cents per pound. (9) The difference between the contract price of said fifteen hundred hides and the price thereof on resale amounted in the aggregate to $4,561.76. (10) The allegation contained in paragraph 7 of the first count is repeated. Wherefore, plaintiff prays judgment against defendant in the principal sum of $4,-811.76., etc. "Exhibit A" attached to the petition is as follows: "Atlanta, Ga., February 20, 1918. Atlanta Hide and Tallow Company, J. H. Bennett, Proprietor, Peters Street, Atlanta, Georgia. Gentlemen: On November 28, 1917, you confirmed your purchase from the Southern Hide and Skin Company of fifteen hundred to two thousand green salted hides, 30# and up, at the price of 20½¢ per pound, f. o. b. Jacksonville, hides to be free from damage, and on the same day the Southern Hide and Skin Company confirmed your purchase, as stated. The delivery of two thousand hides covered by said contract thus confirmed had been delayed from time to time and at your instance, and to-day you refuse to accept and pay for said two thousand hides, and so notified Charles H. Mann. In view of this refusal, Charles H. Mann, doing business in the name of the Southern Hide and Skin Company, hereby gives you notice of his intention to sell said two thousand hides, acting for this purpose as your agent, and he will seek to recover from you the difference between the contract price and the price on resale. This notice is given in accordance with section 4131 of the Code of Georgia, 1910. Said resale will be made within a reasonable time and at such time, place, and circumstances as will most likely fully protect your interest. Yours very truly, Charles H. Mann, doing business in the name of Southern Hide and Skin Co."

The defendant demurred to the petition, upon the following grounds: (1) It sets forth no cause of action. (2) The contract set up in the petition is too indefinite and uncertain to have any binding force or effect, in that there was no agreement on the part of the plaintiff to sell, or on the part of the defendant to purchase, any definite number of hides, or hides of any definite or certain weight. (3) It does appear from petition that plaintiff resold at defendant's risk 1500 hides after defendant had inspected, selected,

and accepted them and had them weighed and loaded on cars at Jacksonville, to be shipped to defendant at Atlanta, without giving defendant any notice of his (plaintiff's) intention to resell said hides for defendant's account and acting in making this resale as defendant's agent, and without giving defendant's any notice that after a resale the plaintiff would hold defendant liable for the difference between the contract price and the price of resale. (4) It does not appear from the petition that plaintiff, on resale of said hides, obtained their fair value in the market, or that the plaintiff used reasonable diligence and effort in order to obtain the fair value for the hides on resale. The court overruled the demurrer, and the defendant excepted.

Only headnote 4 (b) needs elaboration. The petition is to be construed most strongly against the pleader. So construed, we think that under the allegations of paragraphs 6 and 7 of the second count, when they are considered in connection with the other allegations of that count, the plaintiff must be held to have waived the breach of contract occasioned by the defendant's refusal to accept and pay for the two thousand hides, and to have consented with the defendant to substitute in the contract of sale, in lieu of the two thousand hides, the fifteen hundred hides that were selected and accepted by the defendant but for which he refused to pay. If we are correct in the foregoing conclusion as to the construction to be placed upon paragraphs 6 and 7 of the second count (and we think we are), then it does not appear from the petition that the defendant was ever notified by the plaintiff of his intention to resell the particular fifteen hundred hides that had been selected and accepted by the defendant, and it is quite clear that the plaintiff's resale of said hides to the Northwestern Leather Company was not binding upon the defendant. We therefore hold that the court erred in overruling the demurrer in so far as it applied to the second count of the petition.

*Judgment reversed in part, and affirmed in part. Broyles, C. J., and Bloodworth, J., concur.*