11693.   HINES, director-general, *v.* STEVENS.

The proximate cause of the collision of the railroad-train with the plaintiff's automobile, with which he was towing another automobile, and which, because of the heavy load, stopped upon the railroad-track, was the plaintiff's own negligence in attempting to cross the track with his automobile thus overburdened, and not negligence on the part of the defendant. The verdict for the plaintiff was without evidence to support it, and the trial judge erred in overruling the defendant's motion for a new trial.

DECIDED MARCH 8, 1921.

Action for damages; from city court of Hinesville — Judge W. C. Hodges. June 7, 1920.

*Bolling Whitfield, N. J. Norman,* for plaintiff in error.
*Darsey & Mills,* contra.

LUKE, J. This case arises by reason of a suit to recover damages from the Federal director-general, operating the Seaboard Air-Line Railway, for alleged damage to an automobile, the property of the plaintiff. The evidence was conclusive that at Dorchester, a station on the line of railroad, there was a crossing over its track; that the track was perfectly straight for several miles, and there were no obstructions to the view; that when a regular passenger-train was due to arrive and stop at Dorchester the plaintiff, who owned a garage within a very few yards of the railroad, coupled behind his Ford car, with a chain about 15 feet long, another Ford car, and started his car in motion, towing the other car in the direction of

the railroad, and just as the car in which he was riding got upon the railroad track, his car, because of the heavy load which he was towing, was stalled and stopped immediately upon the railroad-track; that upon discovering the approaching train he jumped from his car to a place of safety, and two persons who were in the car that was being towed also jumped to a place of safety; that the engine struck the automobile on the track, and completely wrecked it. There is no conflict in the evidence that the plaintiff did not look to see if there was a train approaching before he went upon the track. The evidence is in conflict as to how far away the train was when he first discovered it. The plaintiff said that it was about the distance of two telegraph poles, or 150 or 200 yards away; witnesses in his behalf place it even closer. There is conflict as to whether the whistle of the engine was blown and the bell rung. The engineer operating the engine testified that he was within 25 yards of the automobile when it suddenly ran upon and stopped on the railroad-track; that he had proper brakes for stopping the train, and they were in perfect working condition; that he immediately observed the car upon the track, and applied his brakes with full force, and reversed his engine, and did everything in his power to stop the train before striking the automobile, but that the automobile ran upon the track so closely that it was impossible to stop the train; that he had his train under control preparatory to making his regular stop at the station; that he sounded his whistle and gave the proper blow-post signal at the proper place. Another member of the train-crew testified to the blowing of the whistle and the application of brakes, and corroborated the engineer's evidence as to the distance the train was away from the automobile at the time the automobile ran upon the track.

The verdict in favor of the plaintiff was without evidence to support it. There being no conflict in the evidence that if it had not been for the heavy load, which the plaintiff was undertaking to tow with the destroyed automobile, he would have gotten across the track before the arrival of the train, and there being no conflict in the evidence that the plaintiff knew that it was about train time, and the track was perfectly straight, so that he may have observed the train a mile or more away, if he had cared to look or listen, in our opinon he was grossly negligent in going upon the railroad track, a place of danger, with the automobile over-

burdened as he says he knew it was. We cannot agree that the proximate cause of the plaintiff's damage was negligence of the defendant's employees. They could not anticipate the presence suddenly of an automobile so overloaded that it would likely stall upon the track. The plaintiff's own negligence was the proximate cause of his damage. It was error to overrule the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*