[No. 24402. Department One. June 1, 1933.]

GEORGE MERCILLIOTT et al., Appellants, v. FLOYD J. HART et al., Respondents.[1]

P. L. Pendleton and W. G. Palmer, for appellants.
Ellis & Evans, for respondents.

MILLARD, J.—While operated by plaintiff husband, an automobile owned by plaintiff marital community collided with an automobile operated by defendant wife and owned by the defendants, a marital community. Plaintiffs brought this action to recover for property damage and for personal injuries sustained by plaintiff husband as a result of that collision. The cause was tried to the court and a jury. At the conclusion of all of the evidence, defendants' challenge to the sufficiency thereof was sustained, the jury was discharged, and judgment of dismissal entered. Plaintiffs have appealed.

Accepting as true appellants' version of the collision —altogether, the evidence is no stronger for appellants than their story of the accident and the surrounding

[1]Reported in 22 P. (2d) 658.

circumstances—it is clear that the affirmative defense of contributory negligence should have been sustained.

The accident occurred in the afternoon of June 10, 1931, on the state highway (at the intersection of Pioneer way and Stewart avenue) between Tacoma and Puyallup. Pioneer way and Stewart avenue diverge from the main highway at a place called Grand Forks. The course of Pioneer way from Tacoma toward Puyallup is southwesterly. The course of Stewart avenue is northwesterly and southeasterly. From the point of intersection at Grand Forks with Pioneer way, the course of Stewart avenue is southeasterly. One traveling from Tacoma to Puyallup via Pioneer way and Stewart avenue would proceed southwesterly on Pioneer way until arrival at the place designated Grand Forks. The automobilist would then proceed southeasterly from that point on Stewart avenue. That is to say, at the place called Grand Forks, Stewart street, which intersects Pioneer way at that point, bears off from the main highway to the southeast towards Puyallup. Pioneer way, or Pioneer avenue, going southwest out of Tacoma, continues southwesterly, being a direct continuation of Tacoma highway.

Appellants' automobile, operated by appellant husband, was proceeding from Tacoma via Pioneer way and Stewart avenue, with Puyallup as its destination. Respondents were proceeding in their automobile on Pioneer way from Puyallup towards Tacoma. Appellant driver testified that, when one hundred and fifty to two hundred feet north of the intersection of Pioneer way and Stewart avenue, he could see respondents' automobile approaching from the south on Pioneer way, a distance of four hundred and fifty to five hundred feet south of the intersection; that his auto-

mobile was traveling fifteen to twenty miles an hour; that respondents' automobile was proceeding at the rate of forty-five miles an hour.

"Q. You can judge the speed of a car coming straight toward you? A. I can judge the speed of a car or locomotive or anything else that runs on wheels. Q. You mean to tell this jury she was coming at forty-five miles per hour? A. She was if she was making a mile an hour."

He further testified that respondents' speed of forty-five miles an hour continued to the time of the collision; that he saw respondents' automobile from the time he was one .hundred and fifty to two hundred feet north of the intersection and respondents' automobile was four hundred and fifty to five hundred feet south of the intersection, continuously, to the time the two automobiles collided at the intersection; that he did not slacken the speed of his automobile or attempt to yield the right of way. When arriving at the intersection, he proceeded from Pioneer way to the southeast on Stewart avenue.

The record further discloses that a truck was in front of appellants' automobile, and that the driver of respondents' automobile could not see appellants' automobile until she was a few feet from the intersection, when appellants' automobile darted out from behind the truck immediately in front of her. Respondent driver swerved her car to the right to avert the collision, but was unsuccessful.

For the past twenty-three years, appellant husband has "been driving over the road between Tacoma and Puyallup and up Stewart avenue." He knew that, in proceeding on Stewart avenue at the point of the accident, a driver proceeding on Pioneer way from Puyallup toward Tacoma would be the favored driver; that respondents' automobile, being on his

right, was entitled to the right of way. Appellant driver must have known—he will not be heard to say otherwise—that he could not proceed across the intersection without colliding with respondents' automobile if he and the other car continued at the same rate of speed. Each car was distant from the intersection, measured by time, only a matter of seconds. According to appellant driver's testimony, his automobile was approximately seven seconds' time from the intersection, while from seven to seven and one-half seconds of time would be consumed by respondents in arriving at the intersection. Appellants knew—they so testified—that respondents were traveling forty-five miles an hour; that is to say, the disfavored driver (appellant) might have arrived at the intersection a half second ahead of the respondents who were proceeding in the favored direction and entitled to the right of way. In determining the appellants' negligence, regard will not be had to fractions of seconds.

It must have been manifest to appellant driver, if he saw respondents' automobile, as he testified, that he could not proceed across the intersection without colliding therewith. The driver proceeding in the disfavored direction can not be excused for failure to yield the right of way by the fact that the automobile traveling in the favored direction is approaching the intersection at an excessive rate of speed, where the disfavored driver knew, as in the case at bar, that the speed of the favored driver was forty-five miles an hour. The duty to yield would be rather intensified than diminished by the fact that the car traveling in the favored direction is seen traveling at an excessive rate of speed. *Saad v. Langworthy,* 153 Wash. 598, 280 Pac. 74.

As we said in *Vance v. McCleary,* 168 Wash. 296, 11 P. (2d) 823:

"The situation was plain. When the appellant, traveling south, turned his car to his left across the street in front of respondents' car, which was approaching from the south, it became his duty to look out for and give it the right of way."

In that case, as in the case at bar, the appellant was in no way deceived by the respondent driver's conduct. He had years of experience driving automobiles. He saw the respondents' automobile approaching for approximately five hundred feet at a uniform rate of speed. He knew that he, the disfavored driver, under the conditions then obtaining, had one-half second or less to get through the intersection before respondents entered. He saw respondents' automobile, knew its rate of speed, knew that it had the right of way, and his duty was to concede that right. This he did not do. His negligence is established. His negligence contributed to and was the proximate cause of the collision.

The judgment is affirmed.

MAIN, HOLCOMB, MITCHELL, and BLAKE, JJ., concur.