25725.   LASETER *v.* CLARK *et al.*

670

Decided November 28, 1936.

*Bussey & Fulcher,* for plaintiff in error.

*Isaac S. Peebles Jr., W. H. H. Jones,* contra.

Jenkins, P. J. ■ One who recklessly tests an observed and clearly obvious danger, such as attempting to beat a near and rapidly approaching railroad train or street-car over a crossing, or to pass an intersecting highway in front of a near and speeding automobile having the right of way, notwithstanding his own honest but mistaken judgment that he has ample time to get across, may, under the particular facts, be held to have failed to exercise "that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances" (Code. § 105-201), and to be guilty of contributory negligence which will be deemed the proximate cause of his resulting injury, and. in the absence of wilful or wanton misconduct by the defendant, will preclude his recovery. In such plain and palpable cases, whenever the pleadings or the evidence so disclose, the courts will so hold as a matter of law, on demurrer, nonsuit, or by direction of a verdict. See, as to railroad and street-car cases, *Atlanta Railway & Power Co.* v. *Owens,* 119 *Ga.* 833 (47 S. E. 213) ; *Thomas* v. *Central of Ga. Ry. Co.,* 121 *Ga.* 38 (48 S. E. 683) ; *Shroeder* v. *Georgia Railway & Electric Co.,* 142 *Ga.* 173, 179 (82 S. E. 553) ; *Anderson* v. *Collins & Glennville R. Co.,* 47 *Ga. App.* 722 (171 S. E. 384) ; *Kirk* v. *Savannah Electric & Power Co.,* 50 *Ga. App.* 468, 470 (178 S. E. 470) ; *Rome Railway & Light Co.* v. *Barna,* 16 *Ga. App.* 1, 4 (84 S. E. 209) ; *Athens Railway & Electric Co.* v. *McKinney,* 16 *Ga. App.* 741, 745 (86 S. E. 83), and cit. See, as to automobile cases, Dougherty v. Merchants Baking Co., 313 Pa. 557 (169 Atl. 753) ; Mercilliott v. Hart, 173 Wash. 224 (22 Pac. (2d)· 658, 659) ; Hittle v. Jones, 217 Iowa, 598 (250 N. W. 689) ; Hyman v. Salzer Plumbing Co., 18 La. App. 188 (135 So. 703, 138 So. 132) ; Toyer v. Hilleman, 320 Pa. 417 (183 Atl. 53) ; Moreau v. Garritson (La.), 166 So. 660. But where the observed approaching danger is not so near or rapid in approach as to render the act of the plaintiff a manifestly foolhardy attempt, such

as would not be undertaken by an ordinarily prudent person, questions as to his negligence, as well as the negligence of the defendant, and as to what and whose negligence was the proximate or a contributing cause of the injury, are peculiarly for the jury. *Lewis* v. *Powell*, 51 *Ga. App.* 129, 133 (179 S. E. 865); *Eddleman* v. *Askew*, 50 *Ga. App.* 540 (179 S. E. 247).

■ "An operator of a vehicle shall have the right of way over the operator of another vehicle who is approaching from the left in an intersecting highway, but shall give the right of way to an operator of a vehicle approaching from the right on an intersecting highway." Code, § 68-303 (g). A violation of this statute is negligence per se. This statute, like similar city ordinances, is applicable not only where two vehicles arrive at intersecting streets or highways "simultaneously or practically at the same time," but also "where, in consideration of all the circumstances, including the distances of the two vehicles from the intersection and the relative speeds at which they are approaching it, the driver of the vehicle on the left should reasonably apprehend that a collision would occur unless he yields the right of way." *Smeltzer* v. *Atlanta Coach Co.*, 44 *Ga. App.* 53, 56 (160 S. E. 665), 49 *Ga. App.* 755 (176 S. E. 846). In the latter instance, except in plain and palpable cases, it is for the jury to say whether the described situation existed, so as to render the act or omission of the driver on the left a violation of the right of way statute or ordinance.

■ "The driver having the right of way at a highway intersection . . ordinarily has the right to assume and to act upon the assumption that drivers of cars approaching and crossing on his left will yield the right of way, and also that they will exercise the ordinary care required of them. But even though a driver on the left has failed to observe a right of way statute and is thus guilty of negligence per se, or has otherwise failed to exercise ordinary care in approaching the intersection, this will not render such a driver liable [as a matter of law] for a collision, unless such negligence proximately contributed to the collision. This is true for the reason that such negligence of a driver approaching on the left will not relieve the driver having the right of way of his own legal duty to exercise ordinary care under the facts and circumstances of the situation. His right of way and right to assume the absence of negligence by others do not entitle him to drive blindly

or recklessly across an intersection . . without regard to the conditions and consequences. It is his own duty to exercise ordinary care in being alert to observe vehicles approaching the crossing, and to exercise ordinary care in the control, speed, and movements of his car to avoid a collision, after he sees or by ordinary diligence could have seen that one is threatened or imminent." *Eddleman* v. *Askew,* supra. Such a driver, who continues to drive his car at a rate of 65 miles an hour without reducing its speed across a highway intersection, is guilty of negligence per se. Code, §§ 68-301, 68-303(i), 68-9908. Where wilfulness or wantonness is not charged, this may or may not render him liable to a guest of the driver of another car not having the right of way, with which his car collides, determinable by whether the acts and omissions of the driver of the guest car (which would not be imputable to the guest), under the rules stated and the circumstances of the case, did or did not constitute the sole proximate cause of the injury, or whether the negligence of both drivers proximately caused the injury; and by whether the guest himself exercised ordinary care. These matters, unless plain and palpable under the pleadings or the evidence, would present issues of fact rather than questions of law.

■ One who rides on a truck loaded with logs in consideration of an agreement with the driver to help him unload the logs at the destination of the truck, and who has no control or right of control over the operation of the truck, is not engaged in a joint enterprise with the driver, such as will cause any negligence of the driver in a collison with another automobile to be imputed to the rider. Even though the rider would not be strictly a guest, in an action in tort by him against the driver of the other automobile, he would occupy a legal status which would prevent any negligence by the driver from being imputed to him. See *Jones Mercantile Co.* v. *Copeland,* 54 *Ga. App.* 647 (188 S. E. 586), and cit.; *Fuller* v. *Mills,* 36 *Ga. App.* 357 (136 S. E. 807); Cody *v.* Venzie, 236 Pa. 541 (107 Atl. 383); 42 C. J. 1055-1057.

■ A boy fifteen years of age, "in the absence of any evidence of want of ordinary capacity in the particular boy, . . should not be treated as a child of 'tender years,' but as a young person who has passed that period and become chargeable with such diligence as might fairly be expected of the class and condition to

which he belongs. . . While the conduct of a boy of his age, under such circumstances, is not to be judged by the same standard as that of a man, he is nevertheless held to a higher degree of responsibility than one whom the law regards as an infant of 'tender years.' A young person of the age of this plaintiff is presumed to be capable of realizing danger and of exercising the necessary forethought and caution to avoid it, and is presumptively chargeable with diligence for his own safety, where the peril is palpable and manifest. . . By analogy to the provisions of the Penal Code touching capacity for crime, . . this presumption attaches at the age of fourteen years." *Central R. Co.* v. *Phillips,* 91 *Ga.* 526 (2), 528 (17 S. E. 952); *Paulk* v. *Lee,* 31 *Ga. App.* 629 (2), 630 (121 S. E. 845); *Eddleman* v. *Askew,* supra; Code, § 105-204. Where a boy under the age of sixteen, who is not permitted by law to drive an automobile (Code, § 68-307), and presumptively has not done so, rides in an automobile truck with the legal status of a guest of the driver in a collision with another automobile having the right of way at intersecting highways, and where his petition for damages against the operator of the other automobile alleges his age and also his failure to "fully apprehend" the danger from the driver of the truck attempting to cross the highway in front of such approaching automobile,—even if under these averments he would be presumptively chargeable with the same degree of care as an adult or experienced driver, he would not in any event be held guilty, as a matter of law, of contributory negligence barring any recovery, unless his peril was "palpable and manifest," and he failed to exercise ordinary care for his safety. It would be for the jury to determine whether his acts or omissions, or both, under all the facts and circumstances of the case, constituted a failure to exercise that care which then and there would have been exercised by an ordinarily prudent adult.

■ The court did not err in this case in overruling a general demurrer to such a petition by a minor, who under the allegations was not engaged in a joint enterprise with the driver or owner of the truck on which he was riding, against the driver of another automobile, since from the averments it could not be held as a matter of law that the negligence of the driver of the truck was the sole proximate cause of the injury, or that the minor himself was guilty of such contributory negligence as would preclude his

recovery, where it was alleged that the truck was approaching an intersection of two highways, at which a third highway intersected toward which the truck was proceeding; that the truck was traveling at 10 miles an hour, and had only 46 yards to traverse before passing to a point of safety; that the automobile which the defendant was driving was traveling at a speed of over 65 miles an hour, and had 350 yards to go before reaching the point where the collision occurred; that the collision occurred about 8:05 o'clock p. m. in January; that the driver of the truck, before starting to turn and traverse the 46 yards, signaled his intention to do so, but the automobile, moving at the same excessive rate of speed, struck the cab and front wheel of the truck on the right side; and that when the plaintiff "saw that the driver of said truck was about to proceed to turn to cross said old Savannah Road, said minor asked the driver if he thought it was safe to try to get across before said approaching automobile, more than 350 yards northward up the old Savannah Road, and the driver . . stated in substance that he could, . . a danger said minor did not fully apprehend." This case is distinguished from cases of non-liability, held as a matter of law, above cited, by the far greater distance here of the approaching danger from the place of crossing or intersection, and the fact that from the alleged relative speeds of the cars a period of nine to twelve seconds would have elapsed between the time when the cars came into view of each other and the time of collision, instead of the much briefer lapse of the few seconds ordinarily accompanying the situation where one plunges into a manifestly reckless and foolhardy danger. Questions as to ordinary diligence by the respective parties, the proximate cause of the injury, and whether what the plaintiff did or failed to do constituted an exercise or a failure to exercise ordinary care, if the evidence should support the petition, all would be for the determination of the jury.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*