## 30257.  LORD *v.* SOUTHERN RAILWAY COMPANY.

DECIDED DECEMBER 3, 1943.

*Heath & Heath,* for plaintiff.

*Reese, Scarlett, Bennet & Gilbert, Newt Gaskins,* for defendant.

SUTTON, J. (After stating the foregoing facts.) The plaintiff himself testified that he saw the train approaching some two or three hundred yards south of the crossing immediately before he drove onto the crossing; that he thought he had time to get across the crossing, and that he would have gotten across, had not his automobile stalled on the crossing; that the ground cable of his automobile caused it to stall; and that it gave him trouble the night before the accident. He testified in part: "I stopped for the crossing and thought I could make it across. I had put it in gear to catch it up and go on across and it choked down [meaning the automobile]. I felt it choke down as I drove up to the crossing; was going to stop, then decided I could make it; threw it back in gear with the train coming 300 yards down the track with its headlight burning." The plaintiff was familiar with the crossing where his car was struck by the train, and testified that he traveled the road there frequently. A train coming from the south and approaching the crossing where the automobile was struck could be seen for approximately a mile by one traveling the road to the crossing from the west to the east whereon the plaintiff was traveling that night. It was held in *Thomas* v. *Central of Georgia Railway Co.,* 121 *Ga.* 38 (48 S. E. 683): "One who deliberately goes upon a railroad track in front of an approaching train, thinking that she can cross before the train reaches her, and miscalculating its speed because she is in front of it, can not recover for injuries resulting from being run down by the train, although the company's servants may have been negligent in running at a high rate of speed at that point, and also in failing to check the speed of the train at a public road which crossed the track between the place where the train was when first seen by the plaintiff and the point at which the injury occurred." See *Southern Railway Company* v. *Blake,* 101 *Ga.* 217 (29 S. E. 288), and cit., and *Harris* v. *Southern Railway Company,* 129 *Ga.* 388, 391 (58 S. E. 873).

The only allegations of negligence in the petition were that the agents and employees of the defendant did not maintain a proper and diligent lookout along the track in front of the train; did not operate said train at a rate of speed whereby they could stop the same in order to avoid striking an object stranded on the right of way; and did not stop said train before it ran into the stalled automobile.

The uncontroverted evidence for the defendant showed that both the engineer and the fireman were keeping a close lookout ahead as the train approached the crossing; that the headlight of the engine was burning, and in good condition; that the crossing signal was blown at the blow post situated south of the crossing; that because the track approaching the crossing was slightly downgrade the lights on the engine shown over the top of the car until the engine was within 500 or 600 feet of the car, and the car could not be observed until the engine was this distance from it; that the brakes of the engine were in good condition, and were applied in emergency immediately upon discovery by the engineer of the plaintiff's car on the track; that it was impossible to stop before hitting the car; that the speed of the train at the time the engineer discovered the presence of the car on the track was 45 miles per hour, which was his proper schedule; that the train went approximately 25 car lengths past the crossing before it stopped; that this was a very good stop considering the size of the train and the fact that the track was slightly downgrade approaching the crossing; that the crossing was in good condition and hard packed; that the rails were not more than one and one-half inches above the surface of the ground; that the road crossing sloped slightly up to the railroad track on the west side, and down from the railroad track on the east side; that a man could push a stalled automobile off of the track situated where the plaintiff's car was at the time of the accident with one hand when the car was not in gear or the brakes were not on; that an automobile would not stand on the track where the plaintiff's car was when it was hit unless it was either in gear or the brakes were set.

There was no evidence of any negligence on the part of the defendant other than the presumption of negligence arising from the damage to the plaintiff's automobile by the operation of the defendant's train, and this was rebutted by the uncontradicted evidence in the case. Our Code, § 94-703, provides that "no person shall

recover damages from a railroad company for injury to himself or his property, when the same is done by his consent or is caused by his own negligence." It is also well established law, that if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. § 105-603. It was said in the case of *Western & A. R. Co:* v. *Ferguson,* 113 *Ga.* 708, 713 (39 S. E. 306, 54 L. R. A. 802) : A railroad track is a place of danger, and one who goes thereon is bound to know he is going into a place where he is subject to the dangers incident to the operation of trains upon that track. This is true without regard to the place where the track is, whether in the country where pedestrians are not expected to be, or at a public crossing, or at a street crossing, or at the stations and depots of railroad companies, where persons are expected and invited to be present, no matter where the track is located, any person who goes upon the same is bound to know that he is going upon a place where his presence would be attended with more or less danger. The uncontroverted evidence in the present case shows that the plaintiff drove his automobile onto a railroad crossing in front of an approaching train, thinking that he had time to get across before the train reached the crossing; but that his automobile stalled on the crossing, due to his own negligence in operating the car, or to a defective condition of the car, which he knew about before he drove it on the crossing; and that this was the proximate cause of the resulting damage to his automobile, instead of any negligence on the part of the railroad company. In this connection see *Hines* v. *Stevens,* 26 *Ga. App.* 379 (106 S. E. 298).

The plaintiff contends that under the evidence the court should have submitted the case to the jury, and that he erred in directing a verdict for the defendant. Of course, it is well settled law in this State that questions of negligence, proximate cause, and failure to exercise ordinary care in avoiding the consequences of another's negligence, are questions for a jury to determine, except in plain and indisputable cases; but we think the evidence in the present case plainly shows that the damage sustained by the plaintiff to his automobile was not caused by the negligence of the defendant.

Under the law and the evidence, the court did not err in directing a verdict for the defendant.

*Judgment affirmed. Felton, J., concurs. Stephens, P. J., concurs in the judgment.*