### 31197. PORTER *v.* SOUTHERN RAILWAY COMPANY.

719

Decided April 18, 1946.

*C. E. Moore, E. L. Fowler,* for plaintiff.

*John T. Dorsey, Fred Morris, Matthews, Owen & Maddox,* for defendant.

PARKER, J. The only question in this case is: did the court properly sustain the general demurrer and dismiss the action for damages brought by Mrs. D. H. Porter against Southern Railway Company? The plaintiff sued in two counts for the homicide of her husband, who was killed, while driving a taxicab, by a train of the defendant on a public crossing in Austell, Georgia. Both counts alleged: That the homicide occurred on a dark and rainy night; that the atmospheric conditions caused the glass windows of the car in which plaintiff's husband was riding to be constantly clouded with mist and moisture; that the train which struck the car of the plaintiff's husband was running at a high and dangerous rate of speed, at approximately 30 miles per hour, in violation of a speed limit of 15 miles per hour prescribed by a valid city ordinance; and that the engineer in charge of the train was operating it in a negligent manner, in approaching the crossing without keeping a constant and vigilant lookout along the track ahead of his engine, and without due regard to the physical surroundings of said crossing and the prevailing weather conditions.

Count 1 alleged: that the deceased heard the whistle sounded by the engineer, signifying the approach of the train to the crossing, and that he could and did see the headlight of the approaching locomotive, but, because of the rain and atmospheric conditions existing at the time, he could not correctly estimate either the speed of the train or its distance from the crossing; and that after bringing his car to a halt, and relying upon the defendant to observe the rate of speed prescribed, and not exceed 15 miles per hour through said city, he undertook to cross the track and his car was struck and he was killed. Count 2 alleged: that, because

of the vibration of the car in operation and the running of the motor, the deceased did not hear the whistle of the approaching train, and could not have heard it in the exercise of ordinary care; that, after bringing his car to a halt about 20 feet from the track, he looked westerly for approaching trains and did not see the train or its headlight, his vision being partially obscured by a water tank of the defendant, and further obstructed and obscured by the rainy and misty atmosphere, and the cloudiness of the windows of his car; and that he could not have seen the same in the exercise of ordinary care.

■ We think that the general demurrer was properly sustained as to count 1, under the legal principles stated so well by Judge Jenkins in *Laseter* v. *Clark*, 54 *Ga. App.* 669 (189 S. E. 265), as follows: ."One who recklessly tests an observed and clearly obvious danger, such as attempting to beat a near and rapidly approaching railroad train or street-car over a crossing, or to pass an intersecting highway in front of a near and speeding automobile having the right of way, notwithstanding his own honest but mistaken judgment that he has ample time to get across, may, under the particular facts, be held to have failed to exercise 'that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances' (Code, § 105-201), and to be guilty of contributory negligence which will be deemed the proximate cause of his resulting injury, and, in the absence of wilful or wanton misconduct by the defendant, will preclude his recovery. In such plain and palpable cases, whenever the pleadings or the evidence so disclose, the courts will so hold as a matter of law, on demurrer, nonsuit, or by direction of a verdict." Many cases from our courts and from other States, supporting the rules applied by him, are cited by Judge Jenkins.

Another principle of law was stated in *Thomas* v. *Central of Ga. Ry. Co.*, 121 *Ga.* 38 (48 S. E. 683), by Chief Justice Simmons in these words: "One who deliberately goes upon a railroad track in front of an approaching train, thinking that she can cross before the train reaches her, and miscalculating its speed because she is in front of it, cannot recover for injuries resulting from being run down by the train, although the company's servants may have been negligent in running at a high rate of speed at that point, and also in failing to check the speed of the train at a public road

which crossed the track between the place where the train was when first seen by the plaintiff and the point at which the injury occurred." The ruling in the *Laseter* case and other similar cases bars a plaintiff from a recovery when his contributory negligence is of such character that it is deemed to be the proximate cause of the injury; whereas the *Thomas* case and others like it hold that a plaintiff cannot recover where he fails, by the exercise of ordinary care, to avoid the consequences to himself of the defendant's negligence. Whether a plaintiff's contributory negligence is the proximate cause of his injury, or he is injured by reason of his failure to exercise ordinary care for his own safety, the result to him is the same—he cannot recover. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code, § 105-603. The rule that a plaintiff cannot recover if by the exercise of ordinary care he could have avoided the injury to himself caused by the defendant's negligence is applicable to cases in which plaintiffs are suing for the homicide of others. Therefore, if the deceased in this case could not have recovered for injuries to himself had he survived the collision, because he was lacking in ordinary care in undertaking to cross the railroad track, his widow cannot recover for his death. See *Lowe* v. *Payne*, 156 *Ga.* 312 (118 S. E. 924).

In count 1 it appears that the plaintiff's husband heard the whistle of the train, and that he looked and saw the headlight of the locomotive as it approached the crossing, and that he brought his car to a halt; and it seems to be a fair conclusion that he deliberately considered the question whether or not he would be able to cross ahead of the approaching train. His calculations were incorrect and his conclusions were wrong. He made a fatal decision and lost his life. Although the railroad company may have been negligent in all of the ways alleged in this count, such negligence was not wanton and wilful, and the plaintiff cannot recover for anything less than wilful and wanton negligence where it appears that the deceased was not exercising ordinary care for his own safety, and that he could have avoided the consequences to himself of the defendant's negligence by the exercise of such care. *Lowe* v. *Payne,* supra. In the recent case of *Lord* v. *Southern Ry. Co.,* 70 *Ga. App.* 273 (28 S. E. 2d, 299), Judge Sutton ap-

plied the rule that, where the collision of a railroad train with the plaintiff's automobile was due to the negligence of the plaintiff, or to his failure to exercise ordinary care in endeavoring to cross the track ahead of an approaching train, the plaintiff could not recover. We think that it is clear that the demurrer to count 1 in this case was properly sustained.

■ A different situation is presented by the allegations of count 2. It appears therein that the plaintiff's husband did not hear the whistle of the approaching train, and that, although he looked in the direction from which the train was coming, after bringing his car to a halt about 20 feet from the track, he did not see the train or its headlight; and it was alleged that he could not have heard the whistle or have seen the train in the exercise of ordinary care. As a general rule, separate counts in a suit are to be treated as if they set out separate causes of action (*Train* v. *Emerson,* 137 *Ga.* 730, 74 S. E. 241; *Bennett* v. *Mann,* 24 *Ga. App.* 581, 582(4), 101 S. E. 706) ; and a "separate and independent count can neither be aided nor impaired by reading into it something which appears only in the preceding count." *Watters* v. *Hertz,* 135 *Ga.* 804, 811 (70 S. E. 338). For the purpose of pleading, the allegations of one count are neither helped nor harmed by another count; and the fact that count 1 alleged that the plaintiff's husband both heard the whistle and saw the train as it approached the crossing can not be considered in passing on the sufficiency of count 2. We must consider the question whether the demurrer was good as to count 2 as if it were the only count in the case.

"In an action for injury resulting from negligence, the plaintiff is not obliged to allege facts showing that he exercised due care for his own safety, or that the injury was not the result of his own negligence." "In an action against a railroad company for injuries received by a person lawfully upon a railroad crossing, the question of what such person must or must not do in order to free himself of guilt of lack of ordinary care constituting the proximate cause of his injury is one for the jury." "The attempt of the plaintiff, who was not aware of the approach of the train, to cross the railroad tracks at this crossing cannot, as a matter of law, be said to constitute such negligence on his part as would bar a recovery." These quoted rulings are from the decision in *Luke* v. *Powell,* 63 *Ga. App.* 795, 803, 804 (12 S. E. 2d, 196), which

cites *Reed* v. *Southern Ry. Co.,* 37 *Ga. App.* 550 (140 S. E. 921), *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718), and *Pollard* v. *Cartwright,* 60 *Ga. App.* 630 (4 S. E. 2d, 693).

It appears in count 2 that, although the deceased brought his car to a halt about 20 feet from the track, and looked in the direction from which the train was approaching the crossing, he did not see the train or its headlight, and that he had not heard the whistle of the train. It was under these circumstances that the deceased concluded that he could safely go upon and over the crossing. It appears, therefore, that the deceased made a reasonable effort to ascertain whether or not he could safely cross the railroad track, and we cannot say as a matter of law that he was not in the exercise of due care in undertaking to cross the track under the circumstances alleged. There is a long line of decisions from the courts of this State, contrary to the rule in some jurisdictions, to the effect that it can not be said, as a matter of law, that the failure of a person, who is unaware of the approach of a train, to stop, look, or listen, renders such person guilty of a lack of ordinary care such as would prevent a recovery, except for wilful and wanton misconduct on the part of the defendant company. See *Southern Ry. Co.* v. *Slaton,* supra, with numerous citations. A large number of Georgia cases are cited in the dissenting opinion of Judge Stephens in *Coleman* v. *Western and Atlantic Railroad,* 48 *Ga. App.* 346 (172 S. E. 577), sustaining the proposition that a person going upon a railroad track unaware of the approach of a train is not thereby, as a matter of law, guilty of negligence barring a recovery. The rule seems to have been stated first in this court by Judge Powell in *Bryson* v. *Southern Ry. Co.,* 3 *Ga. App.* 407(3) (59 S. E. 1124), as follows: "In this State it is not per se negligent for one not aware of the approach of the train to attempt to cross the track without stopping, looking, or listening."

Counsel for the railroad company point out in their briefs that the inability of the deceased to hear the whistle of the locomotive, and to see the headlight of the approaching train, was caused by weather conditions over which the railroad had no control; and their contention seems to be that the deceased was negligent as a matter of law in undertaking to go over the crossing without being able to see or hear the train. They do not suggest how the de-

ceased was to be made aware of the approach of the train that he could not see or hear. Their argument would impose upon the deceased the duty of greater care in operating his taxicab because of the rain and mist, and for the same reason those in charge of the train should have been more careful in operating it. One of the acts of negligence alleged against the railroad was the operation of the train at a speed which was negligent under the physical surroundings and prevailing weather conditions at the time and place of the injury. Finally, it may be said that ordinarily and generally, under well-settled rules of practice in this State, all questions of negligence or non-negligence, on the part of the plaintiff or the defendant, as well as questions of contributory negligence and proximate cause, are properly settled only by the jury, and the courts cannot determine them as a matter of law. It seems to us, therefore, that under count 2 of the petition the plaintiff stated a cause of action which, if supported by evidence, should be submitted to a jury, and that the trial court erred in sustaining the general demurrer as to that count.

*Judgment affirmed in part, and reversed in part. Sutton, P. J., and Felton, J., concur.*