34121.   IVEY, by next friend, *v.* SYMMS.

DECIDED OCTOBER 17, 1952—REHEARING DENIED NOVEMBER 12, 1952.

*Harris, Chance & McCracken,* for plaintiff in error.
*Cumming, Nixon & Eve,* contra.

FELTON, J. The court erred in sustaining the general demurrer to the petition. The allegations of the petition do not show unequivocally and as a matter of law that the plaintiff ran into the path of the defendant's oncoming vehicle under circumstances under which the defendant could not have avoided injuring her by the exercise of ordinary care. The petition alleges that the plaintiff got within two feet of the south side of the road toward which she was traveling. Since the petition does not show facts which demand the finding that the plaintiff's conduct was such as to make it impossible for the defendant to avoid injuring the plaintiff by the exercise of ordinary care, the questions involved should be submitted to a jury. In view of what has been said, we do not think that the cases cited in the dissent are applicable to the facts in this case.

The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Gardner, P.J., Townsend and Carlisle, JJ., concur. Sutton, C.J., and Worrill, J., dissent.*

SUTTON, C. J., dissenting. "One who recklessly tests an observed and clearly obvious danger, such as attempting to beat a near and rapidly approaching railroad train or street-car over a crossing, or to pass an intersecting highway in front of a near and speeding automobile having the right of way, notwithstanding his own honest but mistaken judgment that he has ample time to get across, may, under the particular facts, be held to have failed to exercise 'that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances' (Code, § 105-201), and to be guilty of contributory negligence which will be deemed the proximate cause of his resulting injury, and, in the absence of wilful or wanton misconduct by the defendant, will preclude his recovery. In such plain and palpable cases, whenever the pleadings or the evidence so disclose, the courts will so hold as a matter of law, on demurrer, or nonsuit, or by direction of a verdict." *Laseter* v. *Clark,* 54 *Ga. App.* 669, 670 (189 S. E. 265). "One who deliberately goes upon a railroad track in front of an approaching train, thinking that she can cross before the train reaches her, and miscalculating its speed because she is in front of it, can not recover for injuries resulting from being run down by the train, al-

though the company's servants may have been negligent in running at a high rate of speed at that point, and also in failing to check the speed of the train at a public road which crossed the track between the place where the train was when first seen by the plaintiff and the point at which the injury occurred. The above facts being set out in a declaration, a demurrer thereto was properly sustained; for it is clear, from the allegations made, that the plaintiff, by the exercise of ordinary care, could have avoided the injury." *Thomas* v. *Central of Georgia Ry. Co.*, 121 *Ga.* 38 (48 S. E. 683); Code, § 105-603. "Whether a plaintiff's contributory negligence is the proximate cause of his injury, or he is injured by reason of his failure to exercise ordinary care for his own safety, the result to him is the same— he cannot recover." *Porter* v. *Southern Ry. Co.*, 73 *Ga. App.* 718, 721 (1) (37 S. E. 2d, 831). Also see *Lord* v. *Southern Ry. Co.*, 70 *Ga. App.* 273 (28 S. E. 2d, 299).

Applying the principles laid down in the cases above cited to the facts alleged in the petition, it does not appear to me that the plaintiff is entitled to recover. The petition alleges that the plaintiff, a married woman seventeen years of age, got off a bus on the right side of the highway, looked into her mail box, which took only about five seconds, and ran around the rear of the bus to cross the highway in order to go to her home. It is alleged that the plaintiff was visible to anyone traveling on the highway toward the bus and in the opposite direction, as was the defendant, for a distance of 1000 feet, for the road was straight and practically flat. These allegations also show that the defendant's car, proceeding toward the bus on the other side of the highway, must have been visible to the plaintiff. Furthermore, the defendant's intention to continue on his way along the road must have been apparent to the plaintiff, while the plaintiff's intention to cross the highway was not indicated until she turned onto the highway behind the bus which obstructed the defendant's view of the plaintiff. It is alleged that, when the plaintiff came around the rear of the bus, she was running; that she observed the defendant's automobile; and that it appeared to her that she had ample time to cross to the other side of the road. These allegations show that the plaintiff failed to exercise ordinary care to avoid the consequences to herself

of the defendant's operation of his automobile, which she could have seen when she got off the bus and which she observed when she came from behind the bus. The plaintiff, choosing to test a known and obvious danger by running from a place of safety across the path of the defendant's approaching automobile and by suddenly appearing in front of the defendant from behind the stopped bus, cannot hold the defendant liable, in the absence of wilful or wanton misconduct on his part, for the injuries occasioned by her own miscalculation or mistake in judgment in thinking that she could get across the road before the defendant reached the point of her attempted crossing.

In my opinion, the court did not err in sustaining the general demurrer to the petition and in dismissing the action. Judge Worrill concurs in this dissent.