35383. CANNON *v.* HOOD CONSTRUCTION CO., INC.

Decided October 26, 1954.

22

*Smith, Field, Doremus & Ringel, Frank M. Gleason,* for plaintiff in error.

*G. W. Langford,* contra.

GARDNER, P. J. 1. Code § 105-101 provides as follows: "A tort is the unlawful violation of a private legal right, other than a mere breach of contract, express or implied; or, it may be the violation of a public duty, by reason of which some special damage accrues to the individual." Code § 105-103 provides: "When the law requires one to do an act for the benefit of another, or to forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the injured party may recover." Code § 105-106 provides: "No privity is necessary to support an action for a tort; but if the tort results from the violation of a duty, itself the consequence of a contract, the right of action is confined to the parties and privies to that contract, except in cases where the party would have had a right of action for the injury done, independently of the contract."

The allegations of the original petition, when measured by the provisions of the principles of law as announced in the above Code sections, set out a plaintiff and a defendant and a specific cause of complaint sufficiently to be amendable. If the petition

in this case, as originally filed, was defective in any wise, it was only in that it omitted to allege sufficiently facts essential to raise the duty or obligation in the cause of action. This court held in *Dunn* v. *Freeman*, 24 *Ga. App.* 504 (1) (101 S. E. 393) as follows: "The original petition showed a plaintiff and a defendant, and set out sufficient allegations to indicate and specify some particular fact or transaction as a cause of action. It was defective, if at all, only in that it omitted to sufficiently allege facts essential to raise the duty or obligation involved in the cause of action which the plaintiff evidently originally intended to declare upon, and was therefore amendable by supplying the omitted facts. The trial court erred, therefore, in holding that there was not enough in the original petition to amend by, and in refusing to allow the proffered amendment. Civil Code (1910), §§ 5681, 5682; *Ellison* v. *Georgia R. Co.*, 87 *Ga.* 691 (13 S. E. 809); *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (32 S. E. 30)." This court held in *King* v. *Seaboard Air-line Ry. Co.*, 1 *Ga. App.* 88 (4) (58 S. E. 252) as follows: "An amendment to the petition, which merely varies the acts of negligence, but which does not complain of any different wrong or injury from that set forth in the original petition, is not subject to the objection that it sets forth a new cause of action." See also *Savannah, F. & W. R. Co.* v. *Pollard*, 116 *Ga.* 297 (42 S. E. 525), *Brackin* v. *City of Bainbridge*, 119 *Ga.* 603 (46 S. E. 828), and *Shiver* v. *Tift*, 143 *Ga.* 791 (85 S. E. 1031, L. R. A. 1918A, 622).

It is contended by counsel for the defendant that *Evans* v. *Scott & Co.* and *Anderson* v. *Scott & Co.*, 43 *Ga. App.* 332 (158 S. E. 584), control the instant case, in that the court held in those companion cases that no cause of action was set forth in the petition. Those cases are not authority and do not control the instant case. No amendment was filed in those cases, but an amendment was filed in the instant case. In those cases the court did not hold that the plaintiff could not have corrected the cause of action by amendment, if they had chosen to do so. In the instant case, an amendment was offered, which showed "substantially the same wrong in respect to the same transaction. If there is substantial identity of wrong, there is substantial identity of causes of action."

The court erred in refusing to allow the amendment of the plaintiff to her petition. The court erred in sustaining the demurrer to the original petition after erroneously disallowing the amendment. The petition as amended set forth a cause of action.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*