35700. MOVSOVITZ *v.* WILLS.

DECIDED JUNE 13, 1955.

196

*Lewis, Wylly & Javetz,* for plaintiff in error.

*Brannen, Clark & Hester,* contra.

NICHOLS, J. ■ The defendant objected to the trial court allowing the plaintiff to amend the petition on the ground that there was not enough in the petition as originally filed to amend by. Code § 81-1302 provides: "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be

enough to amend by. . . If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." The petition as originally filed showed that the defendant, while driving her automobile on January 26, 1954, struck the plaintiff, who was a pedestrian crossing Broughton Street, in Savannah, Georgia, and that the defendant was negligent in the manner in which she was operating her automobile. The plaintiff prayed for money damages for injuries, pain, and suffering that were sustained because of the defendant's automobile striking her. Accordingly, there is no merit in the contention of the defendant that the petition did not contain enough to amend by. See *Cannon* v. *Hood Construction Co.*, 91 *Ga. App.* 20, 24 (84 S. E. 2d 604); *Swinford* v. *Burdett Realty Co.*, 91 *Ga. App.* 375 (85 S. E. 2d 631), and cases cited.

■ The defendant contends that the petition as amended did not set forth a cause of action. The petition alleged that the plaintiff was struck by an automobile being driven by the defendant while the plaintiff was crossing Broughton Street in the City of Savannah, and that the plaintiff was some six feet out into the street when the plaintiff's automobile struck her. The petition alleges that the defendant was guilty of negligence per se in operating her automobile in violation of Code § 68-304, was guilty of negligence per se in violating Code § 68-301, was guilty of negligence per se in violating a valid ordinance of the City of Savannah, which ordinance was quoted in the petition, by not operating her automobile in a careful and cautious manner, and in failing to keep a proper lookout ahead; and the petition charged the defendant with other acts of negligence. The petition set out a cause of action and was good as against a general demurrer. See *He-Po Gas Inc.* v. *Roath*, 87 *Ga. App.* 827, 829 (75 S. E. 2d 451); *Ivey* v. *Symms*, 87 *Ga. App.* 211 (73 S. E. 2d 333), and cases cited.

■ The error assigned on the trial court's ruling on the special demurrers, not being argued or insisted upon, will be treated as abandoned.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*