36249. SOUTHERN RAILWAY CO. *v.* THORNTON *et al.*
36250. HAULBROOK *v.* THORNTON *et al.*

DECIDED JULY 16, 1956—REHEARING DENIED JULY 30, 1956.

282

*Edgar A. Neely, Jr., Marshall, Greene & Neely,* for plaintiffs in error.

*John W. Wilcox, Jr., Wilson, Branch & Barwick,* contra.

FELTON, C. J. It is stated in the briefs of the plaintiffs in error that on June 25, 1955, the trial judge sustained the general demurrers to the petition and allowed the plaintiff fifteen days within which to amend. This judgment is not specified as a part of the record and if it were so specified the situation would not be altered since under the Act of 1952 (Ga. L. 1952, pp. 243-245; Code, Ann. Supp., § 81-1001) such an order making a ruling on pleadings and allowing time within which to amend is of no binding force and does not constitute the law of the case. So whatever is true with reference to whether the original petition sets forth a cause of action as against a general demurrer, the only question now for consideration is whether the petition as amended sets forth a cause of action as against a general demurrer, the assignments of error as to the overruling of the special demurrers having been abandoned.

1. The court did not err in overruling the general demurrers to the petition as amended. The facts alleged do not show positively and affirmatively as a matter of law that petitioner's deceased husband was the author of his own misfortune either in that he did not exercise ordinary care in the circumstances before the alleged acts of negligence on the part of the defendants occurred or that he could have by the exercise of ordinary care avoided the consequences of the defendants' negligence after he discovered the alleged negligence of the defendants or could have discovered it by the exercise of ordinary care. The strongest contention of the plaintiffs in error is that the allegations of the petition show that the optical illusion caused by the curvature of the tracks ceased to exist in time to afford the deceased an opportunity to protect himself in the exercise of ordinary care. The allegations of the petition do not show how long the optical illusion lasted and hence the facts do not bear out the contention of the plaintiffs in error in this respect as against the general demurrer. The facts in this case do not bring it within the principle stated in the following cases: *Coleman* v. *Western & Atlantic R.*, 48 *Ga. App.* 343 (172 S. E. 577); *Peeples* v. *L. & N. R. Co.*, 37 *Ga. App.* 87 (139 S. E. 85); *Porter* v. *Southern Ry. Co.*, 73 *Ga. App.* 718 (1) (37 S. E. 2d 831); *Harris* v. *Southern Ry. Co.*, 129 *Ga.* 388, 391 (58 S. E. 873); *Thomas* v. *Central of Ga. Ry. Co.*, 121 *Ga.* 38 (48 S. E. 683).

The court did not err in overruling the defendants' general demurrers to the petition as amended.

*Judgments affirmed. Quillian and Nichols, JJ., concur.*